(54 Misc. Rep. 158)

### BRANDRETH et al. v. BRANDRETH et al.

(Supreme Court, Special Term, Suffolk County. April 30, 1907.)

CONVERSION—SALE OF LAND DEVISED.

Where a wife, being the committee of her insane husband, and not knowing that before he was adjudged insane he had devised land to her, sold it under direction of the court, his personal estate then and at his subsequent death being sufficient to pay his debts, on his death she was entitled to be paid out of the personal estate the amount received from the sale of the land; the subject of the devise not losing its character as real estate in the eyes of the law.

Action by Margaret S. Brandreth, executrix, and others, against Ralph Brandreth, Jr., and others, for a construction of the will of Ralph Brandreth, deceased. Decree directed.

Ormiston & McCormack, for executors.

Timothy M. Griffing, for defendant Margaret S. Brandreth.

Percy S. Dudley, guardian ad litem, for infant defendants.

Pratt & McAlpin, for defendants Ralph Brandreth, Jr., and John B. Brandreth.

JAYCOX, J.   Ralph Brandreth, the husband of Margaret S. Brandreth (who is plaintiff in this action as executrix and a defendant individually), in his lifetime made his will, by which he devised certain premises to his wife, said Margaret S. Brandreth.   Subsequently said Ralph Brandreth was adjudged to be an incompetent person, and the said Margaret S. Brandreth was appointed the committee of his person and estate.   Thereafter, pursuant to the direction of this court in proceedings duly had for that purpose, the said Margaret S. Brandreth, as committee of the said incompetent, sold and conveyed the premises specifically devised to her in and by said will of said Ralph Brandreth. Said sale was made by said committee in ignorance of the fact that said property had been devised to her.   At the time of such sale, and at the time of the death of said Ralph Brandreth, there was ample personal property in his estate to pay all his debts.   The proceeds of the sale of said real estate were used by said committee for the purpose of paying debts of said incompetent, and the personal estate left by said Brandreth at his decease was increased by the amount received from the sale of that property.   Said Ralph Brandreth never recovered his reason and was an incompetent at the time of his death.   This action is brought for a construction of the will of said deceased; the defendant Margaret S. Brandreth, individually, claiming that she is entitled to be paid from the personal estate of said deceased the proceeds resulting from the sale of the property specifically devised to her.

The mere statement of the facts shows this claim to be eminently just, and inclines the court to look with favor upon such a claim, unless there is some controlling decision which precludes the court from granting the relief prayed for by said defendant.   It cannot be claimed that the devise was revoked.   The decedent did not revoke it, and took no step looking to its revocation, and had not the ability to revoke it, by reason of his lunacy, had he so desired.

The only question remaining is whether the subject of the specific devise had lost its character as real estate in the eyes of the law, and had become personal property, so that at the time of the death of said Ralph Brandreth there was nothing in existence upon which said devise could take effect.   Nearly all decisions which hold that real estate is converted into personal property under circumstances somewhat analogous to the present case can readily be distinguished as to their facts, and those which cannot be so distinguished were decided under laws which differ from the statute now in force; the present statutory law upon this subject being found in section 2359 of the Code of Civil Procedure, which provides in part as follows:

"Those proceeds [referring to the proceeds of the sale of property of an infant or an incompetent person] are deemed property of the same nature as the estate or interest sold until the infant arrives at full age or the incompetency is removed."

' In Gilbert v. Gilbert, 9 Barb. 532, and Beck v. McGillis, 9 Barb. 35, the premises had been voluntarily sold by a competent person, and the testator had ample opportunity to substitute something else for the property disposed of prior to his death. In the first case (Gilbert v. Gilbert) he was prevented from so doing by a mistake of law, and equity declines to rectify such mistakes.

In Ametrano v. Downs, 170 N. Y. 388, 63 N. E. 340, 58 L. R. A. 719, 88 Am. St. Rep. 671, while the sale was not voluntary, it was the property of a competent person, and the sale was complete when the proceeds were received and accepted by her in lieu of the real estate in her lifetime, so that again there was ample opportunity to make other or different disposition of her property if she desired. In this case the learned Chief Judge, writing the opinion of the court, states that the result would be different if the property belonged to an infant or an incompetent, thus plainly indicating the distinction which I have endeavored to make.

In Adams v. Smith, 20 Abb. N. C. 60, the question was the reverse of the one here presented. There it was a question of the conversion of personalty into realty, and it is pointed out in that case—

"that there is a distinction between a change of realty into personalty and the contrary change of personalty into realty. It is a noticeable fact that, with an apparent disposition to protect landed estates, courts and Legislatures alike have universally restricted the conversion of realty, but not always that of personalty."

The same comment applies to Matter of Salisbury, 3 Johns. Ch. 347.

Cutting v. Lincoln, 9 Abb. Prac. (N. S.) 436, is very much in point, and the reasoning of the learned referee in that case applies equally well to this case. It is there pointed out that the holding of the cases above mentioned is that the lunatic's "real estate may be converted into personal or personal into real, if for the benefit of the lunatic." By this case it will also be seen that it is now provided by statute in England that the proceeds of the sale of the real estate of a lunatic retain their character as real estate. See page 439.

This, I think, makes it clear that there is a very apparent difference between the law applicable to this case and the law under which the case of Oxenden v. Compton, 2 Ves. Jr. 69, was decided; the statute (section 2359, Code Civ. Proc. above quoted) now providing that the proceeds of the sale of lands of an incompetent person shall be deemed real estate. The statute has been before the courts and its effect declared in matters in principle very closely analogous to this, and it is there held that the proceeds of such sales retain their character as real estate and descend to the heir at law. Sweezy v. Thayer, 1 Duer, 286; Walrath v. Abbott, 75 Hun, 445–451, 27 N. Y. Supp. 529; Ford v. Livingston, 140 N. Y. 162–167, 35 N. E. 437; Matter of Board of Street Opening, etc., 89 Hun, 525, 35 N. Y. Supp. 409.

Although differing somewhat as to facts, I think this case is closely analogous in principle to the case of Beetson v. Stoops, 186 N. Y. 456, 79 N. E. 731. In that case it was held that where a testator devised a parcel of real estate owned by him to one of his grandchildren, and assumed to devise to the other grandchild a parcel in which he had but a life interest and which was owned by the grandchildren as ten-

ants in common, the devisee could not accept the devise, with knowledge of all the facts, without being precluded from asserting a claim to the other parcel attempted to be devised.

In this case the testator had made a perfectly valid will, and had made an effectual devise of certain property to the defendant Margaret S. Brandreth. In ignorance of this fact this real estate is disposed of, and the personal estate is increased by just the amount received from the sale of that real estate. Now, the character of the property, if changed, having been changed without the knowledge of the testator, and these legatees of the testator being benefited by the receipt of those proceeds and by the provisions of the will, is it not right and just that they should relinquish these proceeds in order to accept the other benefits conferred by said will? To my mind the situation is the same as it would have been had the defendant Margaret S. Brandreth loaned her husband's estate an amount equal to the value of the premises specifically devised to her, and she is entitled to be reimbursed. She is entitled to a decree directing that she be paid out of the personal estate the amount that was received upon the sale of the real estate devised to her.

Costs to all parties, payable out of the estate.