Judgment of conviction reversed and new trial ordered in this court.

Judgment reversed and new trial ordered.

---

Matter of the Estate of GEORGE H. GARLICK, Deceased.

(Surrogate's Court, Oneida County, September, 1916.)

Jurisdiction — when Surrogate's Court is without — lunatics — executors and administrators — accounting.

Where, prior to a proceeding for the judicial settlement of the account of the executor of a testator who sometime after making his will was duly adjudged an incompetent, the accounts of his committee of his person and property were judicially settled, adjusted and determined, the Surrogate's Court is with-

Surrogate's Court, Oneida County, September, 1916.    [Vol. 96.

out jurisdiction to inquire into any matter involved in said accounting and is bound thereby, and whether the decedent had lucid intervals during the period covered by his committee is wholly immaterial.

PROCEEDING upon the accounting of an executor.

J. & W. M. Gallagher, for executor.

R. S. Johnson, for contestants Alva Raymond and Katherine A. Hamblin.

SEXTON, S. On December 19, 1892, the deceased, George H. Garlick, made his will in due form and on February 28, 1894, he was duly and regularly adjudged incompetent to manage himself or his affairs by reason of lunacy, and one William F. Garlick was appointed committee of the person and property of the said deceased, and said committee was continued until November 19, 1914, on which date said deceased died at Utica State Hospital.

April 16, 1907, the Oneida County Court, by order, directed said committee to sell certain land and real estate of said incompetent, which he had specifically devised to Adeline F. Landers, Theodore J. Garlick, Sarah A. Keeler and William F. Garlick, all of which said sales were thereafter confirmed by the Oneida County Court.

While the property of the deceased was in the hands of said committee, a seventy-seven acre parcel was sold for nonpayment of taxes.

After the death of said incompetent, his committee rendered an account to the Oneida County Court of all of his proceedings as such committee which account showed $3,912.45 of personal estate and $4,875 derived from the sale of said real estate making a total

of $8,787.45, which amount said Oneida County Court directed to be turned over to William F. Garlick as executor of the will of said incompetent, George H. Garlick.

On January 18, 1915, letters testamentary were issued to said William F. Garlick as executor, who heretofore filed his account, indicating that he proposed to turn over to the specific legatees the proceeds of the land sold, devised to each, remaining in his hands. This distribution was objected to by Alva Raymond and Katherine A. Hamblin who contend that said deceased, George H. Garlick, during the pendency of his committee had long periods of lucid intervals and was consulted by his committee in regard to his property, and the sale of the real estate in question was in law his sale, and that by reason thereof the proceeds became personal property in regard to which he died intestate. The contestants sought to establish by parol evidence the mental condition of said incompetent at the time of the sale; also the loss of certain real estate by tax sale, through the negligence of said committee. To evidence being given on either of these questions an objection was made on the ground that the Surrogate's Court had no jurisdiction to inquire into proceedings already had and concluded in the Oneida County Court, and a motion for a dismissal of the objections upon this and other grounds was made.

Section 2339 of the Code of Civil Procedure provides: " A committee, either of the person or of the property, is subject to the direction and control of the court by which he was appointed, with respect to the execution of his duties," etc.

The deceased died during his incompetency. Section 2344 of the Code of Civil Procedure provides: " Where

a person, of whose property a committee **has** been appointed, as prescribed in this title, dies during his incompetency, the power of the committee ceases; and the property of the decedent must be administered and disposed of, as if a committee had not been appointed. The committee may, in such case, render to the court by which he was appointed, a final account of his proceedings touching the property of the incompetent. * * * Such account shall be judicially settled, adjusted and determined.''

Prior to this proceeding the said committee having rendered an account of his proceedings as such to the Oneida County Court, and having had the same judicially settled, adjusted and determined, this court is without jurisdiction to inquire into any matter involved in said accounting, and is bound thereby.

Whether the deceased had lucid intervals during the time covered by his committee is wholly immaterial. Lunacy once judicially determined is presumed to continue.

'' The law is well settled that a lunatic whose lunacy has been judicially determined and for whom a committee had been appointed, is incapable of entering into any contract, and that any contract which he may assume to make while in that situation is absolutely void. * * * The court on the finding of an inquisition establishing lunacy, is vested with jurisdiction over the person of the lunatic and assumes the custody and control of his estate, which it manages through the committee appointed in the proceedings, as its bailiff or agent, and although the title of the lunatic to his property is not divested by the proceedings, he can no longer buy or sell, or enter into any contract or dealing binding him or his estate.'' *Carter* v. *Beckwith,* 128 N. Y. 316.

When the land of a lunatic or incompetent person has been disposed of, as provided by law, the " Proceeds are deemed property of the same nature, as the estate or interest sold, until the infant arrives at full age, or the incompetency is removed." The only exception being in case the deceased incompetent or infant does not leave sufficient personal property to pay the funeral and other necessary expenses, then the proceeds of the real estate are deemed personal property to the extent of a sufficient amount to meet such expenses. Code Civ. Pro., § 2359.

In the case under consideration that question cannot arise because of the fact that several thousand dollars of personal property were in the estate of the incompetent at the time of his death.

The objections to the account herein are overruled and a decree may be entered passing the account as filed.

Decreed accordingly.