In the Matter of the Accounting of CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Temporary Administrator and Executor of RALPH N. HUBBARD, Deceased.

Surrogate's Court, New York County, August 25, 1949.

*Hannon, Evans, Nolan & Halpin* for temporary administrator and executor, petitioner.

*Patterson, Eagle, Greenough & Day* for New York Community Trust, respondent.

*Tucker & Shea* for Rutherford Hubbard, respondent.

FRANKENTHALER, S. Testator, an adjudicated incompetent, died on June 14, 1946, a resident of this State. A will executed by him prior to his adjudication was duly admitted to probate by

this court. Respondent objects to the account of the executor in that no provision is made therein for the payment to him of the proceeds of realty specifically devised to him by the terms of the will.

The fund claimed by objectant represents the proceeds of a sale of the realty made by the committee of the incompetent and turned over to the executor upon the latter's death. The objectant bases his claim to the proceeds upon the terms of section 1399 of the Civil Practice Act which provides: " A sale of real property, * * * other than a possibility of reverter, of an * * * incompetent person, made as prescribed in this article, does not give to the * * * incompetent person any other or greater interest in the proceeds of the sale than he or she had in the property * * * sold. Those proceeds are deemed property of the same nature as the estate * * * sold until * * * the incompetency is removed." The claimant asserts that by virtue of this section the fund is substituted for the real estate and that he takes it as devisee of the property under the will.

Ordinarily where personal property belonging to an incompetent is sold by his committee, any specific bequests thereof in a will previously executed will adeem and the proceeds will not be applied in satisfaction of the bequest (*Matter of Ireland,* 257 N. Y. 155). It has been held, however, that the effect of section 1399 of the Civil Practice Act is to change that rule where realty is involved and to substitute the proceeds for the original property, thus causing the proceeds to pass under the provisions of the will and thereby preventing a subversion of deceased's presumed intent (*Brandreth* v. *Brandreth,* 54 Misc. 158; *Matter of Garlick,* 96 Misc. 653; *Snedeker* v. *Ellis,* 136 Misc. 607). Since the testator " never revoked the provision in his will by which he devised the real property sold by his committee * * * Neither the committee of his estate nor the court has the power or the right to defeat the express provisions of the will by proceedings converting realty into personalty." (*Snedeker* v. *Ellis, supra,* p. 610.) " Where, therefore, the incompetent has made a valid will disposing of his realty before becoming incompetent, the will obtains as to the proceeds of sale the same as though no sale had been made." (P. 609.)

Such a construction is in accordance with the rule under the cognate English Lunacy Regulation Act of 1853 (16 & 17 Vict., ch. 70, § 119) which similarly provided that proceeds of realty so sold would be considered realty, particularly with respect to the interests of " Heirs, Next of Kin, Devisees, Legatees, Execu-

tors, Administrators and Assigns ''. Under that statute, it was said that a specific devise of realty would not adeem, although the rule was otherwise as to personalty (*Matter of Freer,* 22 Ch. D. 622 [1822]; *Jones* v. *Green,* L. R. 5 Eq. 555 [1868]. See Lunacy Act of 1890, 53 & 54 Vict., ch. 5, § 123, subd. [1], amending the Act of 1853 to include specific gifts of personalty; *Matter of Alston,* [1917] 2 Ch. 226; *Matter of Hodgson's Trusts,* [1919] 2 Ch. 189; *Matter of Harding,* [1934] Ch. 271; *Matter of Stillwell,* [1936] 1 All Eng. R. 757). The objectant's claim must therefore be sustained.

The property originally devised was located in Ohio. Prior to his adjudication of incompetency, the testator had entered into a contract to sell the realty which was the subject of the devise, but no conveyance thereof was made. Under the law of the situs (*Matter of Van Zandt,* 142 Misc. 663; 2 Beale, Conflict of Laws, §§ 209.1, 250.1; cf. *Bloomer* v. *Bloomer,* 2 Bradf. 339), such agreement does not revoke a devise of the property or result in an equitable conversion thereof (Page's Ohio Gen. Code, § 10504–48; compare Decedent Estate Law, § 37).

The sale of the realty was effected by the New York committee pursuant to Ohio law and the property sold to the vendee named in the original contract. Under that law a foreign committee may apply to the Probate Court of the county in which the realty is situated for an order permitting a sale of realty owned by the ward (Page's Ohio Gen. Code, §§ 10510–6, 10510–48). It is expressly provided that a guardian, local or foreign, may complete the real contracts of his ward by like petition (§ 10507–21). '' When upon hearing the court is satisfied that it is for the best interests of the estate, it may order the'' guardian to '' complete said contract or agree to its alteration or cancellation '' (§§ 10507–21, 10509–225). Upon completion of the sale, if any is permitted by the court, the fund must be transmitted by the guardian or committee to the domiciliary State for distribution therein '' upon the terms approved by the court where he was appointed '' (§ 10510–46).

Under the provisions of Ohio law as thus set forth the Probate Court must satisfy itself as to the advisability and desirability of any proposed sale, even to the vendee named in a contract executed by the incompetent prior to the inception of that state of mind. The sale, therefore, under the authority of a court order is not simply a completion of a contract previously executed, so as to result in a conversion, based upon the wish or intent of the ward, but a part of the administration of an incompetent's property, in the '' best interests of the estate,'' based

upon judicial authorization. In accordance with the Ohio statute the proceeds were remitted to New York, the domiciliary State, under the law of which those proceeds are to take the place of the realty devised to the objectant (Civ. Prac. Act, § 1399; *Brandreth* v. *Brandreth, supra*; *Matter of Garlick, supra*; *Snedeker* v. *Ellis, supra*). The proceeds must therefore be paid to the objectant.

Submit, on notice, decree settling the account accordingly.