J. Vincent Keogh, J.
Petitioner, the committee of an incompetent, prays for an order of this court directing the clerk of the Surrogate’s Court of this county to deliver to petitioner a purported will filed with the said respondent. Costs and disbursements of this proceeding are sought against named attorneys. There is no allegation in the petition that any demand was made upon the clerk of the Surrogate’s Court for delivery of the instrument or any refusal by him so to deliver it. The relief prayed for against the clerk of the Surrogate’s Court directing him, in his official capacity, to perform an act within the scope of his duties is not sought in a proceeding in the nature of mandamus. Instead the provisions of section 1377-b of the Civil Practice Act are invoked to discover property withheld. The said statute requires petitioner to set forth facts tending to show that the respondent clerk withholds property from the petitioner. That has not been done here. Viewed either as a proceeding in the nature of mandamus or in the nature of the statutory discovery proceeding the petition is defective and should be dismissed.
However, the decision need not rest upon this narrow ground. The essential facts may be briefly stated: The alleged will was in the possession of the incompetent’s attorney. Petitioner demanded it. The demand was refused. The attorney then died. Demand was then made on the attorney’s law partner. The will was then deposited with the Surrogate under the provisions of section 30 of the Decedent Estate Law. This proceeding was brought shortly thereafter.
*843 At the outset it should be noted that the function of a committee for an incompetent is that of a mere custodian and conservator of the property of the incompetent. He is a mere bailiff to take charge of the property and to administer it subject to the direction of the court (Matter of Otis, 101 N. Y. 580; Matter of Merritt, 278 N. Y. 74).
Section 1377-b of the Civil Practice Act relates to property ‘ which should be delivered or paid to the petitioner ’ ’. The Legislature, however, established a method whereby wills may be held for safekeeping. Section 30 of the Decedent Estate Law requires the Surrogate to receive and deposit any last will which any person shall deliver to him for that purpose. The will is thus in the lawful custody of the Surrogate. The Legislature has commanded him to keep it, the manner in which he is to keep it and the precise persons to whom and the conditions under which he may deliver it. The Surrogate under the command of the Legislature may deliver it only to the testatrix in person or upon her written order pursuant to section 32 of the Decedent Estate Law. Considering the legislatively prescribed safeguards it is difficult to see that the instrument will be better conserved in the custody of the petitioner than it will be in the safe of the Surrogate.
Moreover, the grant of the order sought herein may well create a precedent which would tend to vitiate the public policy regarding the safeguarding of wills established by the Legislature. A long line of controlling judicial decisions has made the wishes of an incompetent’s presumptive distributees a potent force in the ordinary selection of the person chosen to be the incompetent’s committee. In many instances he would be the same person whose interests might be adversely affected by the instrument of which he seeks physical possession. Under such circumstances it would seem that the interests of those named in the will as the ultimate recipients of the testator’s bounty would be best served by permitting the will to remain on deposit with the Surrogate rather than to place it in the custody of someone whose self-interest might not be enhanced by its preservation. Of course in the instant matter there is no such temptation. The petitioner is a person of unimpeachable integrity and has no adverse interests. Nevertheless, the present grant of the relief sought would be a precedent for future cases. Prudence dictates that the will remain in the custody of the Surrogate. The wisdom of the Legislature selected him as the safest custodian of the will. His possession should not be disturbed. The motion is denied.