408

In the Matter of PETER W. QUINN et al., as Committee of the Person and Property of CHARLES P. JESSEN, an Incompetent, Appellants. EISENBERG, WEISS & Ross, Respondents.

In the Matter of PETER W. QUINN et al., as Committee of the Person and Property of MINNA S. JESSEN, an Incompetent, Appellants. EISENBERG, WEISS & Ross, Respondents.

First Department, November 30, 1971.

*Peter W. Quinn*, in person, and for Alfred F. Sica and another, appellants.

*Marvin Weiss* of counsel (*Eisenberg Weiss & Ross*, attorneys), respondents in person.

*Per Curiam.* The application here raises a question of first impression. The two appeals involve identical facts, though with respect to two different persons, husband and wife. Discussion of one matter will be deemed to apply to both. The petitioners are the committee for Charles P. Jessen, who was duly adjudicated incompetent on October 30, 1970. Some four months prior thereto Mr. Jessen had executed a will drawn for him by respondents, his attorneys. He left the will in respondents' possession. By this application petitioners seek to have the respondents turn over the will to them.

Strictly speaking, the will is not property*, nor can it be described as an asset of the incompetent's estate which his committee has a duty to take into its possession. On the other hand, it is a document which the testator is entitled to possess as well as to dispose of and make directions in regard to. Where the

---

* The situation may well be otherwise with regard to an ancient or historic will which might have a value quite apart from its purpose. If the will acquires the characteristics of an heirloom or a historic document, it could become property.

testator by virtue of incompetency can no longer exercise these powers, someone must do it in his behalf. The Legislature (SCPA 2507) has made provision for the safekeeping of wills by deposit in the Surrogate's Court. In the case of an incompetent, that repository has been recognized as the appropriate place for the will of one later adjudicated incompetent, superior to the custody of the committee (see *Matter of Thorpe,* 4 Misc 2d 841). We agree that directing the filing of the will pursuant to the above-mentioned section would be a proper exercise of discretion.

Orders entered February 22, 1971, in New York County (LUPIANO, J.) should be modified on the law and as a matter of discretion to direct that respondents deposit the said wills in the Surrogate's Court, New York County, and that the fees for the same be paid by the petitioners from funds in the incompetents' estates. No costs.

CAPPOZZOLI, J. P., NUNEZ, STEUER, TILZER and EAGER, JJ., concur.

Orders, Supreme Court, New York County, entered on February 22, 1971, unanimously modified, on the law and as a matter of discretion, without costs and without disbursements, to direct that respondents deposit the said wills in the Surrogate's Court, New York County, and that the fees for the same be paid by the petitioners from funds in the incompetents' estates.