■  SIMON ROSENZWEIG, as Conservator of the Property of SONIA ALDEN, Conservatee, Petitioner, v BANK OF NEW YORK et al., Respondents. LOUIS L. FRIEDMAN, Appellant, and SIMON ROSENZWEIG et al., Respondents. —Order, Supreme Court, New York County, entered May 3, 1978, which, *inter alia,* directed Louis L. Friedman to produce the will of the conservatee for the conservator's inspection and provided for psychiatric examination of the conservatee, unanimously modified, on the law, and as a matter of discretion, to the extent of directing respondent Friedman to file the will with the Surrogate of New York County with leave to petitioner to apply to the Surrogate to inspect the will, and, as so modified, affirmed, with $40 costs and disbursements to petitioner only payable by appellant. As aptly noted in *Matter of Jessen* (37 AD2d 408-409): "Strictly speaking, the will is not property, nor can it be described as an asset of the incompetent's estate which his committee has a duty to take into its possession. On the other hand, it is a document which the testator is entitled to possess as well as to dispose of and make directions in regard to. Where the testator by virtue of incompetency can no longer exercise these powers, someone must do it in his behalf. The Legislature (SCPA 2507) has made provision for the safekeeping of wills by deposit in the Surrogate's Court. In the case of an

incompetent, that repository has been recognized as the appropriate place for the will of one later adjudicated incompetent, superior to the custody of the committee (see *Matter of Thorpe,* 4 Misc 2d 841). We agree that directing the filing of the will pursuant to the above-mentioned section would be a proper exercise of discretion." Since the conservator stands in the shoes of his conservatee and functions as an agent of the court, it is proper to give leave to the conservator to apply to the Surrogate to inspect the will. We also note that the conservator, on behalf of the conservatee, may waive the attorney-client privilege *(Matter of Fairbairn,* 56 AD2d 259, 262). Finally, the conditions proposed by appellant Friedman to effect the psychiatric examination of the conservatee were properly rejected by Special Term. Concur—Kupferman, J. P., Lupiano, Birns and Lane, JJ.