OPINION OF THE COURT
John W. Bergin, S.
Decedent died on March 24, 1977 and her last will and testament and codicil were duly admitted to probate by this court on April 4,1977.
Paragraph “sixth” of the decedent’s will provides as follows: “I hereby give and devise the real property known as No. 2695 Balltown Road, Schenectady, New York, (being the property described in a deed dated August 19th, 1959, and recorded in the Schenectady County Clerk’s Office August 19th, 1959, in Book 787 of Deeds at Page 375) to Douglas E. Benson and Kenneth D. Benson, grandsons of my late husband, for their own use, absolutely and forever.”
Douglas E. Benson and Kenneth D. Benson survived the testatrix.
The respondent, Mary Ellen Fenner, is executrix of the *759 last will and testament of Jennie E. Benson and was appointed conservator of her property by order of the Supreme Court, Herkimer County, on February 20, 1974. Prior to the death of Jennie E. Benson, the respondent as conservator of her property brought a special proceeding in Supreme Court of Schenectady County for authority to sell the real property devised to petitioners in paragraph “sixth” of decedent’s will. Authority to sell was granted by order dated September 17, 1974 and the real property was sold for the sum of $27,000. A receipt dated March 14, 1978 and filed in the Herkimer County Clerk’s office on March 16, 1978 indicates that respondent, Mary Ellen Fenner, received as executrix from herself as conservator the sum of $128,048.11. No final account was filed.
Petitioners by order to show cause dated June 7,1979 returnable June 26, 1979 allege that the fair market value of the real property on the date of sale was $39,000; that the decedent at the time of said sale had ample assets to maintain her during her lifetime; that none of the proceeds from the sale of said realty were expended for the benefit of the decedent during her lifetime; that the sale was not requested by the decedent nor ratified by her; that the said sale did not result in an ademption; that the proceeds of the sale remain an asset of the estate for distribution to the petitioners pursuant to paragraph “sixth” of the will and request that an order be made directing the executrix to render an account of her proceedings.
Respondent denies the fair market value to be $39,000 and further that the sale was authorized by the court; alleges that the proceeds of the sale were used in whole or in part for the care and maintenance of the decedent during her lifetime; denies that the sale was not requested by the decedent nor ratified by her; denies that the said sale did not result in an ademption and denies that the proceeds of the sale remain an asset of the estate for distribution to petitioners; alleges that the proper remedy to petitioners is pursuant to SCPA 2105 and EPTL 11-1.5; alleges that the participation of the petitioners on the petition by respondent as conservator to sell the real property acted as a waiver of their right or claim to the proceeds; alleges that the failure of a demand upon respondent by petitioners is a *760 condition precedent to the bringing of the present proceeding; alleges that petitioners are guilty of loches; alleges that failure to bring the claim within seven months of the date letters testamentary were issued to respondent on April 4, 1977 releases respondent of any present obligation to the claim of petitioners and states that the petition should be dismissed.
The proceeding to appoint a conservator was brought under article 77 of the Mental Hygiene Law of the State of New York. Section 77.19 provides as follows: “a conservator shall have control, charge, and management of the estate, real and personal, of the conservatee, and shall have all of the powers and duties granted to or imposed upon . a committee of the property of an incompetent appointed pursuant to article seventy-eight of this chapter, subject to the jurisdiction of the court and in accordance with the procedure therein specified, and shall have such additional powers as the court by order may specify. However, the court may add, withdraw, restrict or limit any of the aforesaid powers during the term of the conservatorship.”
EPTL 3-4.4 provides as follows: “In the case of a sale or other transfer by a committee, during the lifetime of its incompetent, of any property which such incompetent had previously disposed of specifically by will when he was competent, and no order had been entered setting aside the adjudication of incompetency at the time of such incompetent’s death, the beneficiary of such specific disposition is entitled to receive the money or the other property into which the proceeds from such sale or transfer may be traced.”
The question before the court is whether the provisions of EPTL 3-4.4 should be extended to apply to the proceeds of real property sold by a conservator pursuant to article 77 of the Mental Hygiene Law. A review of the conservator-ship proceedings indicates that a guardian ad litem was appointed to protect her interests and the appearance of the conservatee herself was dispensed with pursuant to the affidavit of her attending physician who stated in his affidavit as follows: “That the said Jennie Benson still suffers from the aforementioned diabetic condition and arterio *761 sclerotic condition and will continue to suffer from these conditions, and that she is forgetful at times and also at times suffers from confusion and lack of recognition of time and people, all of which is due to her physical infirmities. That by reason of the above-described inadequacies the said Jennie Benson is totally and permanently confined. to The Mohawk Homestead and totally unable to care for her property or to make any decisions in regard to her property”. The report of the guardian ad litem confirmed the opinion of the attending physician.
The same question was presented on a petition by a conservator in the Matter of Barnwell (88 Misc 2d 856), and the court held that EPTL 3-4.4 did apply and that the obvious intentions of a testatrix should not be allowed to be frustrated by court intervention. In Matter of Clark (90 Misc 2d 925), the executor of the testatrix-conservatee, held that EPTL 3-4.4 even applied to the sale of personal property by a conservator. In Rosenzweig v Bank of N. Y. (64 AD 2d 599), the court in its opinion referred to the will of a conservatee and the will of an incompetent interchangeably.
It is, therefore, the decision of this court that the proceeds of the sale of the real property known as No. 2695 Balitown Road, Schenectady, New York, that can be traced be paid to Douglas E. Benson and Kenneth D. Benson, the specific devisees referred to in paragraph “sixth” of the last will and testament of the deceased. In view of the fact that the estate of the incompetent was entirely solvent at the time of her death, the proceeds of the sale are conclusively deemed “traceable”. (Matter of Hubbard, 196 Misc 224; Snedeker v Ellis, 136 Misc 607.) Therefore, I see no need to require the executrix to account but will direct payment of the net proceeds of the sale of the real property with interest from the date of death of the testatrix.