OPINION OF THE COURT
Evans V. Brewster, S.
In this construction proceeding,- the court is requested to determine whether there has been an ademption of certain legacies and a specific devise which was destroyed in a fire prior to decedent’s death and also to determine the disposition to be made of proceeds received from an insurance company in settlement of a claim for fire damage.
Decedent’s husband predeceased her and shortly there *650 after her daughter and a corporate bank (which is the executor herein) were appointed coconservators of her property by order of the Supreme Court, Westchester County on March 17, 1977. At the time the conservators were appointed, the conservatee was already confined in New Rochelle Hospital and nursing homes, and remained in one place or the other until her death. At that time, she owned her home in New Rochelle together with the furnishings therein. Some of the furnishings, consisting of furniture, oriental carpets, silverware and personal effects were removed and placed in safekeeping by members of her family prior to the appointment of the conservators. These items are presently on hand and are valued at $17,345.
On March 8, 1977, the residence in New Rochelle owned by the conservatee and its contents were extensively damaged by fire. The conservators filed a claim and collected $26,125 from the insurance company in settlement of the claim for damage to the furniture, furnishings, clothing and personal effects of the conservatee which were in the house and destroyed by the fire. In addition, a claim made for damage to certain personal property which had been bequeathed by the conservatee’s husband and which was also destroyed by the fire, was settled for $2,553.75.
The claim filed by the conservators for the fire damage to the residence of the conservatee was also settled and, on September 26, 1977, the conservators received $61,632. The conservators thereafter sold the residence in its damaged condition on January 31, 1978 and received $57,000 for the same.
The conservatee died on November 3, 1979 leaving a will dated November 10, 1964 which was admitted to probate on December 18, 1979. Under article second of the will, her jewelry, clothing and articles of personal use or adornment were bequeathed to her daughter Devereux. Under article third, testatrix devised and bequeathed her real property “together with all furniture, furnishings, objects of art, linens, rugs and household articles and wares, garden tools and other equipment used in connection with said real property, together with unpaid premiums on policies of insurance covering said property and also the net pro *651 ceeds of any claim against any insurance company arising out of or connected with any loss, destruction or damage of any said property,” to her daughter, Devereux. The residuary estate is divided into two equal trusts, one of which is for the benefit of her daughter, Devereux, and the other is for the benefit of her granddaughter, Carol.
In her answer to the petition, the daughter, Devereux, argues that articles second and third of the will provide general, absolute and unconditional bequests to her of the real and personal property as well as the insurance proceeds derived therefrom, and requests payment of the same.
With respect to those certain items of furniture, oriental carpets, silverware and personal effects which had been removed by the family for safekeeping and remain on hand, together with any other item of personal effects which may have been damaged in the fire but remain physically in possession of the executors, there can be no dispute. These items were bequeathed to the daughter and no question of ademption relates thereto.
The real property sold by the conservator on January 31, 1978 for $57,000 must likewise be set off to the daughter under article third of the will. Under EPTL 3-4.4, where real property devised under testator’s will has been sold or transferred by a committee during the lifetime of the incompetent, the beneficiary of such disposition is entitled to receive the money or other property into which the proceeds from such sale or transfer may be traced. While the section specifically refers to a committee of an incompetent, the justification and arguments for the adoption of this legislation apply equally to a sale or transfer by a conservator. The courts have found no valid or reasonable distinction between acts of a committee and a conservator in applying this section to the acts of a conservator (Matter of Barnwell, 88 Misc 2d 856; Matter of Clark, 90 Misc 2d 925, 930). The court determines that the proceeds of the sale of the real property shall be paid to decedent’s daughter.
However, the proceeds of insurance received by the conservators for the loss sustained to the furniture and fixtures as well as the damage to the residence as a result *652 of the fire in decedent’s home are assets of the estate. The furniture, furnishings and residence destroyed by the fire of March 8, 1977 were not in existence at the time of decedent’s death and the legacy and devise with respect to them adeemed. The intent of the testator is no longer considered. The present common-law rule in New York is that the absence of an asset from the distributive estate in and of itself adeems that legacy (Matter of Brawn, 219 NY 263, 268; Matter of Clark, 90 Misc 2d 925, supra; Matter of Harris, 98 Misc 2d 742). The fact that the absence of the asset was not the voluntary act of the testatrix is of no significance. “[T]he precise thing given by the will is not available for disposition at the time of the testator’s death, and it matters not whether this came to pass because of an intentional and voluntary act on the part of the testator, such as abandonment, sale or gift, or because of an occurrence, involuntary and unintended, such as condemnation, fire or theft.” (Matter of Wright, 7 NY2d 365, 368-369.) The only present relief to this harsh rule of involuntary ademption may be found in EPTL 3-4.5 which permits the insurance proceeds received after testator’s death to be substituted in the place of the missing property. The section applies however only to insurance proceeds received after the death of the testatrix. In the present case, the conservators made claim and collected the proceeds of the insurance long before the death of the testatrix herein.
Objectant argues that the proceeds for the settlement of the claim against the insurance company for damage to the house, furnishings and furniture were bequeathed to her since article third of the will gives “the net proceeds of any claim against any insurance company arising out of or connected with any loss, destruction or damage of any said property,” to the daughter. At the time of decedent’s death, there was no claim against any insurance company in existence. The fire damage claims had been settled and paid. Further, when the will was executed, the law was well settled that destruction of the property bequeathed worked an ademption and that the legatee was not entitled to any part of the insurance proceeds (Matter of Hilpert, 165 Misc 430; Matter of Wright, 7 NY2d 365, supra). Thus it was necessary for a prudent draftsman of a will *653 to specifically provide that in the event of loss or destruction, the claim under the insurance policy would belong to the legatee. This was the reason for the clause in the present will. This result was subsequently achieved by the amendment of section 20 of the Decedent Estate Law (L 1965, ch 588, § 3, eff Sept. 1, 1965) and is now in effect as EPTL 3-4.5. The language of the will was a protection against ademption but did not effectively give objectant any more than any claim that was still outstanding at the time of decedent’s death, against an insurance company for a loss sustained.
Accordingly, the court determines that the insurance proceeds for furniture and furnishings in the sum of $26,125 and $2,553.75 together with the proceeds for the damage to decedent’s residence in the sum of $61,632 are distributable • in accordance with the disposition made in the residuary clause of the will.