OPINION OF THE COURT
Bernard M. Bloom, S.
This is a construction proceeding to determine the validity and effect of paragraph seven of a will which directs the executors to sell testator’s real estate and distribute the proceeds to five named nieces or the survivors of them in equal shares.
Testator died a resident of a nursing home on August 29, 1982, leaving a will dated October 28, 1971, and codicil of April 19, 1976, which were probated on January 3, 1983. At the time the will was executed and when testator was admitted to the nursing home in September, 1980, he was the sole owner of his home in Brooklyn, New York.
Thereafter, testator became unable to manage his own affairs and William Silverman, a coexecutor, was appointed his conservator on May 19, 1981. Subsequently, the conservator was granted permission by the Supreme Court to sell testator’s home because testator’s physical and mental condition rendered it impossible for him to return home. The net proceeds received from the sale were commingled with the testator conservatee’s assets. The amount expended for his nursing home expenses and other debts exceeded the sale proceeds. At the time of the testa *349 tor conservatee’s death, he had no interest in any realty which the executors could sell pursuant to paragraph seven of the will.
Construction of the will is sought to determine whether the absence of any realty effects an ademption or whether the legatees may trace and recover the net sale proceeds from the substantial residuary estate.
The governing statute in the case at bar is EPTL 3-4.4, as amended by section 41 of chapter 115 of the Laws of 1981, effective May 18, 1981, which provides, in relevant part, that “[i]n the case of a sale * * * by a * * * conservator, during the lifetime of its * * * conservatee, of any property which such * * * conservatee had previously disposed of specifically by will when he was * * * able to manage his own affairs, and * * * the conservatorship continued through the date of the conservatee’s death, the beneficiary of such specific disposition becomes entitled to receive any remaining money or other property into which the proceeds from such sale * * * may be traced.” This section was amended to conform to judicial decisions which recognized that the powers and duties of a conservator as established by article 77 of the Mental Hygiene Law were comparable to those of a committee. The purpose of the amendment was to extend the scope of EPTL 3-4.4 to a conservator’s sale or transfer of property which was the subject of a specific disposition in a will (Matter of Benson, 106 Misc 2d 758; Matter of Baker, 106 Misc 2d 649; Matter of Clark, 90 Misc 2d 925; Matter of Barnwell, 88 Misc 2d 856; Matter of Van Dorn, NYLJ, March 25,1976, p 10, col 4). The statute serves to preclude the application of the inflexible common-law doctrine of ademption, which is triggered by the absence from the estate of a specifically disposed of asset (see Matter of Brann, 219 NY 263), where a conservatee has previously expressed his testamentary intent, but has not consented to the subsequent sale or transfer of this property. By implication, the statute expresses the legislative policy requiring courts to exercise restraint in frustrating the conservatee’s intent in this limited area rather than allow the conservator’s judgment to substitute for that of the conservatee (see, generally, Rohan, Caring For Persons Under a Disability: A Critique of the Role of the *350 Conservator and the “Substitution of Judgment Doctrine”, 52 St. John’s L Rev 1).
The testator’s bequest of the proceeds from the sale of the realty rather than a devise of the property itself is a specific disposition within the meaning of EPTL 3-4.4 (see Matter of Baker, 106 Misc 2d 649, supra; Matter of Finklestein, 116 NYS2d 104; Matter of Willoughby, 45 NYS2d 177, affd 268 App Div 1046). Since the estate of the conservatee testator was solvent at the time of the conservatee’s death, the net proceeds from the sale of the house are conclusively deemed “traceable” notwithstanding the fact that the conservator commingled the sale proceeds with the conservatee’s other assets which were partially used to pay for his care (Matter of Hubbard, 196 Misc 224; Snedeker v Ellis, 136 Misc 607). Accordingly, the legatees of that specific bequest may trace and recover from the residuary estate the net proceeds from the sale with interest at the legal rate from the date of testator’s death until the date or dates of payment.
The court determines that the testator’s will contains neither an express nor implied direction against the apportionment of taxes. Therefore, the executor shall apportion the New York estate taxes pursuant to EPTL 2-1.8.