1. EXECUTORS—DAMAGES TO REAL ESTATE—INCOME.
  Money paid by an elevated railroad company for damages to real estate to the executors of the owner is the proceeds of real estate, and not income.

2. WILL—CONSTRUCTION—POWER OF SALE.
  By the first paragraph of his will testator devised to his daughter certain real estate. By a second clause he gave her a certain sum in cash, and to his wife moneys from certain insurance policies. By a further clause he authorized his executors to sell "my said real estate" not before mentioned. The real estate devised to the daughter was not owned by the deceased. *Held,* that the use of the word "said" was a superfluity, and that the evident intention of the testator was to give his executors power of sale of all his real estate.

In the matter of the judicial settlement of the accounts of Julia Levy and William Hyams, executors of Phillip Levy, deceased. Objections to account sustained.

Alexander & Green, for executors.
Corn & Lazansky, for Rosetta Levy, contestant.
William Lloyd Kitchel, for Estelle Levy.
William H. Ford, special guardian.

CHURCH, S. The objections to the various items of expenditures and disbursements made by the executors do not seem to be substantiated in any way, and they are, consequently, overruled. But in deciding the rights of the parties it seems to be necessary to construe the will of the deceased. By the first paragraph of the will of the testator he attempts to devise to his daughter, Rosetta

Levy, certain real estate. It appears, however, that this real estate was not the property of the deceased, and that, therefore, this provision of the will is unnecessary and meaningless. By the second clause he gives to her the sum of $2,500 in cash. By the third clause he gives to his wife moneys to be derived from certain policies of insurance. By the next clause he authorizes his executors to sell and dispose of "my said real estate not hereinbefore mentioned," excepting certain premises thereafter named. It is the contention that, as the testator had not mentioned any real estate, by the use of the word "said" he practically created an intestacy. This contention, however, does not seem to me to be correct, as the will was somewhat inartistically drawn. It seems to me that the use of the word "said" was a superfluity, and that the evident intention of the testator was to give to his executors power of sale of all his real estate, except that which he had specifically exempted from such power. The executors seem to concede that under the will the real estate is charged with the bequest made to Rosetta Levy in the second paragraph of the will, and a careful inspection of the will and the various provisions of the same satisfies me, first, that the payment of said legacy is a charge upon the real estate, and that, therefore, it is the duty of the executors to exercise their power of sale so as to raise the money to pay such legacy. In the exercise of such power of sale, however, the executors necessarily should use reasonable prudence to see that the real estate is not sacrificed, but under pretense of protecting or regulating the estate they cannot continue indefinitely to refuse to sell the real estate and satisfy this legacy, or to wait for some imaginary rise in value of the same.

It appears that certain property of the deceased was situated upon the line of one of the elevated railroads, and that claim for the damages arising from the construction and operation of said railroad was made against the railroad company, which claim was finally settled by the payment of the sum of $1,800 on the 29th day of July, 1902. It seems to me that this money should have been treated, not as income, but as the proceeds of the sale of real estate, and that, therefore, it is charged with the payment of the legacy to Rosetta Levy.

The accounts should, therefore, be settled in accordance with this decision, directing the executors to pay to Rosetta Levy on account of her legacy the moneys received from the Brooklyn City Railroad Company, and containing the further direction that the executors should exercise their power of sale and pay the balance of her legacy.

Decreed accordingly.