In the Matter of the Estate of EDWARD MULLIN, Deceased. ·

Surrogate's Court, Jefferson County, April, 1921.*

*Wills — construction — when proceeds from fire insurance policy will be deemed real estate.*

PROCEEDINGS upon petition of executor for construction of will.

*G. S. McCartin,* for petitioner and Effie V. Mullin.

*Floyd W. Haller,* special guardian. for Sarah Mullin.

* Published by request.

ATWELL, S. The testator died on the 7th day of March, 1921. The clauses of his will which petitioner alleges should be construed are the following:

" *Third*. I give, devise and bequeath to my said wife all the notes, bonds, mortgages, cash on hand or in banks which I may possess at the time of my decease, and also my automobile to be hers absolutely and forever. Said foregoing bequests are made to my said wife in lieu of all dower rights which she may have to any of the real estate owned by me at the time of my decease and which I will to my granddaughter, Sarah Mullin, hereinafter described.

" *Fourth*. I give, devise and bequeath to my said wife the use, profits and income of my farm consisting of ninety acres situate on Pillar Point in said town of Brownville until such time as my granddaughter, Sarah Mullin, shall become twenty-one years of age, at which time I give, devise and bequeath said farm, together with all stock then on said farm absolutely and forever to my said granddaughter, Sarah Mullin. But during said period in which my wife shall be possessed of said farm she shall keep the buildings thereon in ordinary repair and shall replace any cattle or stock which may be necessary to be sold so that at the time my said granddaughter, Sarah Mullin, arrives at the age of twenty-one years, said premises and the personal property thereon shall be in substantially the same condition as they were at the time of my decease."

The barn on the farm mentioned in the 4th paragraph was destroyed by fire, together with six cows belonging to testator, on the 2d day of March, 1921, five days before the testator's death.

The change in the situation of testator's property wrought by this fire has caused the executor to make this application for construction of the will and instruction as to his duty. The only personal property on the farm belonging to testator at the date of his death consisted of one cow, one pair of scales and about 200 bushels of oats. The barn was insured for $900 and testator's interest in the produce therein for $150. There was no insurance on the cows.

The testator was so very ill at the time the fire occurred and until his death that it was deemed unwise by his physician and the family to inform him of the destruction of his property and he died without knowledge of it. The loss of the barn and of the six cows seriously affects the interests of the widow and granddaughter. The destruction of the barn and loss of the dairy will materially reduce the rental value of the farm, and consequently the income to the widow during the use given to her until the granddaughter reaches the age of twenty-one years, a period of about four years,

will be greatly reduced; and when the granddaughter comes into possession of the farm at her majority, the market value of it will be likewise reduced.

The question is asked, how is the insurance money when received to be treated, whether as real estate or as personal property. The executor, as the personal representative of the deceased, is authorized to collect and receive the amount of the proceeds of the insurance policy.

As to the amount received for loss of the testator's interest in the produce burned, I think there can be no doubt that it is personal property and that it and the one remaining cow and the 200 bushels of oats and the pair of scales are to be treated as unbequeathed assets as the will contains no residuary clause. And out of the unbequeathed assets the widow is first entitled to her statutory exemptions as the provision made for her is in lieu of dower only.

As to that part of the proceeds of the policy received for destruction of the barn, while it will be in the form of personal property, it should, as a matter of justice and equity, be treated as real estate in place of the barn.

Under the provisions of the insurance policy, the insurance company has the option to rebuild the destroyed building. If the company should avail itself of this option and reconstruct the barn on the farm, it would become the property of the granddaughter subject to the widow's use until her majority.

The only case cited which seems to be at all analogous is *Wyman* v. *Wyman*, 26 N. Y. 253, where Judge Emott, referring to a similar clause in the policy giving the company the right to rebuild, said (p. 258): "And it is a strong implication from the existence of such a feature in the contract that its benefits must, in any event, in either form of performance inure to those who would, in the case of literal performance, reap its fruits. My opinion is that in such a case as this the executor or administrator is a trustee for the heir who alone has been damnified, who has sustained the loss, and who is entitled to the indemnity." And it seems to me in order to do justice to the parties that this money should be retained by the executor and invested by deposit in bank where it will draw semi-annual interest which should be paid to the widow during the minority of the granddaughter and upon attaining her majority the principal should be paid to her.

Decreed accordingly.