In the Matter of the Estate of JOHN M. HILPERT, Deceased.

Surrogate's Court, Kings County, December 3, 1937.

*William B. Butler*, for Daniel Martin, as executor, etc., petitioner.

*J. Russell Sprague* [*Leonard Friedman* of counsel], for the respondent Helen Liegey, legatee, mother of decedent.

*Josephine M. Cain*, special guardian for Paul Liegey, Brendan Liegey, Gabriel Liegey, Jr., and John Liegey, infants, nephews of decedent.

*Gray & Tomlin*, for the Bishop of Brooklyn, legatee.

WINGATE, S.   The present proceeding seeks approval of a proposed compromise of a claim of the estate for a fire loss and asks that the will be construed in certain specified particulars.   The executor recommends approval of the compromise and the special guardian reports that such a course appears desirable.   No objection is made by any other party.   It will, accordingly, be approved.

The dispositive provisions of the will are briefly as follows: In item second all moneys in bank are given to a half-brother; in item third a specified library is bequeathed to another half-brother; in item fourth another library is directed to be turned over to the Bishop of Brooklyn; by item fifth bequest is made to Rev. Daniel Martin of " three chalices and all other religious articles, vestments and other personal property used by me in the performance of my duties as a Roman Catholic Priest."

The succeeding two items contain the directions which are the cause of the present controversy.   So far as here material, they read:

" *Sixth*. All other personal property of which I may die seized, I give and bequeath to my nephews aforementioned   *   *   * share and share alike.

" *Seventh*. All the rest, residue and remainder of my property and estate, both real and personal, and wheresoever situate, which at the time of my death shall belong to me or be subject to my disposition by Will, I give, devise and bequeath to the trustees

hereinafter named, in trust, nevertheless, to invest the same and to keep the same invested, and to receive the rents, issues, income and profits therefrom, and after defraying all taxes and other lawful charges upon the same, to pay the net income thereof to the use of my mother * * * during her life."

Upon her death the remainder is given *pro rata* to the brothers and half-brothers, sisters and half-sisters of the deceased. The item further provides that if the mother " desires to occupy any of the real estate of which I may die seized " she shall be permitted so to do.

At the time of the execution of the will the testator owned two parcels of real property. One of these, located at 1388 Dickens avenue, he sold subsequent to that time, taking back a mortgage which provided for periodic amortization.

The immediate subject-matter of the controversy is this mortgage and the proceeds of the fire insurance policy which insured certain of the articles specifically bequeathed in items third to fifth, inclusive, of the will.

The opposing parties in respect to the mortgage are obviously the nephews named in the sixth item and the trustees for the life benefit of the mother under the seventh. The potential claimants to the insurance fund are both of the foregoing and also the legatees of the specified articles.

So far as concerns any possible rights of the specific legatees (and none have been asserted in this proceeding), it is apparent that they are capable of ready disposal by the application of certain primary legal principles. The will speaks from the date of death (*Brundage* v. *Brundage*, 60 N. Y. 544, 548; *Matter of Zaiac*, 162 Misc. 642, 647; *Matter of Williams*, Id. 507, 509), with the result that, if an article specifically given is not in existence at the time, by reason of loss, disposal or destruction, the legatee will take nothing. (*Ametrano* v. *Downs*, 62 App. Div. 405, 407, 408; affd., 170 N. Y. 388, 391; *Matter of Solomon*, 165 App. Div. 276, 278; *Newcomb* v. *Trustees of St. Peter's Church*, 2 Sandf. Ch. 636, 647; *Beck* v. *McGillis*, 9 Barb. 35, 57; *Philson* v. *Moore*, 23 Hun, 152, 155; *Matter of Smallman*, 138 Misc. 889, 898; *Matter of Baker*, 146 id. 437, 440; *Matter of Hagan*, 157 id. 378, 379.) If in existence and owned by the testator at the time the devolution takes effect, it, like any other asset, is received by the successor to its title in the same plight in that in which it existed at the time the decedent's ownership ended. (*Matter of Healey*, 161 Misc. 298, 301; *Matter of Guarneri*, 149 id. 759, 763; *Matter of Levine*, 158 id. 116, 120.) In so far, therefore, as the specifically given articles were destroyed by fire there was an ademption of the gifts. Those which were

not destroyed, but merely damaged, are deliverable in the state in which they presently exist.

The insurance policy was a totally different asset of the decedent, and was merely a simple contract whereby the insurer, in return for a stated consideration, agreed, upon the happening of a specified event, to pay the insured a fixed or ascertainable sum of money. (*Matter of O'Neill*, 143 Misc. 69, 72.) It was, therefore, merely a chose in action belonging to the deceased as the designated payee (*Steinback* v. *Diepenbrock*, 158 N. Y. 24, 30; *O'Brien* v. *Prescott*, 11 N. Y. Supp. 125; reported by memo. only, 57 Hun, 589; revd. on other grounds, 134 N. Y. 28; *Matter of Pastore*, 155 Misc. 247, 250), which, like any other chose in action belonging to him, passed to his personal representative. (*Jagger* v. *Bird*, 42 Hun, 423, 425; *Matter of Kane*, 38 Misc. 276, 281; *Matter of Mullin*, 121 id. 867, 869; *Matter of Lockwood*, 154 id. 233, 236; *Matter of Duggan*, 146 id. 596, 598.)

Approaching an evaluation of the rights of the mother under item seventh as compared with those of the nephews under the sixth, it is obvious, on authority, that the sale by the testator of the Dickens avenue property in his lifetime effected a revocation of the devise thereof, and that the devisee as such would not be entitled to any part of the personalty received as a result of the sale even if this was in the form of a purchase-money mortgage secured by the devised property itself. (*Adams* v. *Winne*, 7 Paige, 97, 102; *Beck* v. *McGillis*, 9 Barb. 35, 53; *Gilbert* v. *Gilbert*, Id. 532, 534; *Brown* v. *Brown*, 16 id. 569, 571; *Vandemark* v. *Vandemark*, 26 id. 416, 418; *Philson* v. *Moore*, 23 Hun, 152, 155; *Walton* v. *Walton*, 7 Johns. Ch. 258, 268; *McNaughton* v. *McNaughton*, 34 N. Y. 201, 203; *Ametrano* v. *Downs*, 170 id. 388, 391; *Matter of Sinnott*, 163 App. Div. 817, 818; affd., 214 N. Y. 667.) It follows that the mortgage on the Dickens avenue property is merely a personal asset of the estate and must devolve in accordance with the testamentary directions respecting this variety of property.

At this point the chief difficulty of the testamentary script is encountered. In the sixth item it gives to the nephews " *all other personal property;*" by the seventh the trustees are given " *all the rest of my property * * * both real and personal.*" So far as the latter direction relates to personalty it is on its face coextensive with the former. Both purport to direct the devolution of " all " the " personal property " not made the subject of specific gift in the earlier items of the will. They are couched in language of equal clarity. In the face of diametrically contrary directions which are incapable of mutual reconciliation, the courts have uniformly adopted the rule that the later direction must

prevail. (*Van Nostrand* v. *Moore*, 52 N. Y. 12, 20; *Van Vechten* v. *Keator*, 63 id. 52, 55; *Trustees* v. *Kellogg*, 16 id. 83, 88; *Roseboom* v. *Roseboom*, 81 id. 356, 359; *Adams* v. *Massey*, 184 id. 62, 69; *Matter of Kohler*, 193 App. Div. 8, 18; revd. on other grounds, 231 N. Y. 353; *Matter of Manice*, 31 Hun, 119, 120; *Nolan* v. *Nolan*, 169 App. Div. 372, 375; *Bradstreet* v. *Clarke*, 12 Wend. 602, 665; *Matter of Randall*, 77 Misc. 41, 43; affd., 158 App. Div. 951; affd., 211 N. Y. 547; *Matter of Weiss*, 124 Misc. 413, 416.) All the decisions on the subject, however, stress the fact that this extreme expedient of virtual excision of the earlier gift is to be adopted only where otherwise both directions must remain inoperative as mutually destructive. The question, therefore, arises as to whether reconciliation and effectiveness of both may be attained by any means.

The only theory upon which reconciliation is possible is by reference to the three immediately preceding items of the will. In these the testator made disposition of various items of his more intimate personal effects, namely, his books, chalices, vestments and religious articles. It is not unnatural to suppose that, having these more intimate articles of his personal possessions in mind, he should wish to dispose of the remainder of them to his nephews, and that this was what he intended by the wording of the sixth item. Unless this is its connotation it must fail entirely, which result should be avoided if possible. The court accordingly adopts this interpretation.

It follows that the mortgage and the proceeds of the fire insurance were not within the purview of this gift, and must be held to pass to the trustees for the testator's mother under the seventh item.

The court is unable to participate in the presumable sorrow of the learned special guardian at this inevitable result. At the time of the execution of the will the testator obviously intended that the income from the Dickens avenue property should form a portion of the support for the declining years of his mother. He was probably totally unaware, the legal presumption to the contrary notwithstanding, that a somewhat technical legal rule might deprive her of it in consequence of his dealings with the property in his lifetime. If he had done nothing in this regard the nephews would have received nothing therefrom. They have, consequently, lost nothing by the foregoing interpretation which the testator, at the time he executed his will, contemplated or intended that they should receive.

The specific questions of interpretation propounded in the petition are, accordingly, answered as follows:

(a) The income from the mortgage on the Dickens avenue property is to be paid to decedent's mother for life;

(b) The amortization payments thereon are to be received as principal of her trust and invested and the income therefrom paid to her for life;

(c) The trustees are entitled to receive the sums received in payment under the fire insurance policy; and

(d) The specific legatees are not entitled to any portion thereof.

Enter decree on notice in conformity herewith.