In re BARRY'S ESTATE.

No. 35154. Dec. 2, 1952.

Rehearing Denied Jan. 6, 1953.

Application for Leave to File Second Petition for Rehearing Denied Jan. 27, 1953.

252 P. 2d 437.

W. E. Green, J. C. Farmer, Robert J. Woolsey, Otho Flippo, and J. B. Bailey, Tulsa, for plaintiff in error.

Thurman S. Hurst and Edwin S. Hurst, Tulsa, for defendant in error.

O'NEAL, J. In this case it appears that Mary Louise Barry prior to her death was the owner of a Chrysler automobile. She had executed a will bequeathing the automobile to Sadye Risley. On the evening of June 3, 1948, testatrix, while driving the automobile on the highway, lost control thereof, which caused it to overturn causing considerable damage to the automobile and severe injuries to her person, and as a result thereof she died about eight hours thereafter. Some time prior to her death she obtained an accident insurance policy indemnifying her for personal injury damage and damage to the car resulting from accident. The policy covered among other things damage caused by upset.

The policy contained certain options among which was the option of the insurance company to settle any damage that might be caused to the automobile by either repairing the same or taking possession of the automobile and paying to insured the appraised or agreed value thereof at the time of the accident. Insurer exercised the option to take possession of the automobile and to pay the value at the time of the

accident which the record shows was the sum of $2,600. The insurer thereafter sold the automobile for the sum of $350 which the parties agreed was the reasonable salvage value thereof. The policy was in full force and effect at the time of the death of testatrix.

It is stipulated by the parties that the facts above detailed are the facts in the case. No other evidence was introduced except documentary evidence. It appears from this evidence that the legatee to whom the automobile was bequeathed is a stranger to the inheritance and that specific bequests and devises were made to others. The will does not appear in the record, and it cannot therefore be ascertained from the record whether the will contains a residuary clause. Counsel, however, seem to concede in the briefs that it does contain such clause.

It is also stipulated that after the death of testatrix, William Green was appointed executor of her estate. He proceeded to administer upon the estate and when it was ready for distribution Sadye Risley, legatee herein, filed an application in the county court requesting that the insurance money received by the executor under the terms of the insurance policy in the sum of $2,600 be distributed to her in lieu of the automobile. The county court denied the contention of the legatee and held that she was only entitled to have distributed to her the automobile in its damaged condition, and that the executor had converted the automobile to the use and benefit of the estate; that the then value of the car was $350 and ordered that in lieu of the automobile there be distributed to her the sum of $350.

The legatee appealed to the district court. The district court reversed the judgment of the county court and entered judgment ordering the executor to distribute to the legatee in lieu of the automobile the amount of insurance received for the damage thereto, or the sum of $2,600.

The executor appeals to this court and relies for reversal on the ground that the judgment is contrary to the stipulated facts and contrary to law. It is argued by the executor that the insurance policy constituted a contract between the insurance company and the insured; that the policy indemnified insured against damage to the automobile caused by accident; that such contractual right consisted of no more than a chose in action belonging to deceased at the time of her death, 60 O. S. 1951 §312; that the proceeds derived from the insurance should therefore have been distributed to her heirs at law, or general legatees, rather than to Sadye Risley, to whom a specific bequest of the automobile was made, citing State ex rel. Reirdon v. Marshall County Court, 183 Okla. 274, 81 P. 2d 488.

It is conceded by both parties that the exact question here involved has not been directly passed upon by this court, and that no decision of a court of last resort has been found from any other jurisdiction passing thereon.

Counsel for executor, however, refer to the case of In re Hilpert's Estate, 300 N.Y.S. 886, as a case in point. In that case it appears that the property bequeathed consisted of certain library books. Bequest was made to a certain person as to a portion of the books and the balance thereof to another. The testator had obtained a fire insurance policy upon the books. Fire occurred causing damage to the library. A portion of the books were completely destroyed. Others were only damaged. The executor compromised the loss with insurer. An application was then filed by the executor for an approval of the compromise and for construction of the will. The court approved the compromise and held that as to the books which were completely destroyed by fire there was an ademption of the bequest, but as to the damaged books they passed to the legatee in the condition they were immediately after the fire. The court there said:

"* * * In so far, therefore as the specifically given articles were destroyed by fire, there was an ademption of the gifts. Those which were not destroyed but merely damaged, are deliverable in the state in which they presently exist.

"The insurance policy was a totally different asset of the decedent and was merely a simple contract whereby the insurer in return for a stated consideration agreed, upon the happening of a specified event to pay the insured a fixed and ascertainable sum of money. Matter of O'Neill's Estate, 143 Misc. 69, 72, 255 N.Y.S. 767. It was, therefore, merely a chose in action belonging to the deceased as the designated payee * * * which like any other chose in action belonging to him, passed to his personal representative. * * *"

We think the rule announced in the above case sound and should be applied to the facts in the present case.

Testatrix did not under her will bequeath to Sadye Risley the insurance policy or any interest in the proceeds collected. She made a specific bequest under her will of an automobile and upon the death of testatrix Sadye Risley took, under the will, the automobile and nothing more, and she took the same in the condition in which it was immediately after the wreck. There is nothing contained in the will which would justify the court in distributing to her the insurance collected in lieu of the automobile.

The evidence, however, shows that the insurance company and the executor adjusted the loss by the insurance company taking over the automobile and paying to the executor the full value thereof or $2,600 as it existed immediately prior to the wreck. As above pointed out, the legatee, Sadye Risley, was entitled to take the automobile in the condition it was immediately after the wreck. It is agreed by the parties that its value then was $350. This amount is included in the insurance money paid the executor. He therefore has in his possession for use and benefit of the estate of deceased the value of the car as it existed immediately after the wreck, which under the will passed to Sadye Risley. The executor and insurance company by this adjustment made it impossible for the executor to deliver to the legatee, Sadye Risley, the automobile in kind as it existed immediately after the wreck. We therefore think she had a right, under the will, to have distributed to her in lieu of the automobile the value thereof immediately after the wreck, or the sum of $350. The county court so held and entered an order of distribution accordingly.

Counsel for the executor agree that the county court reached the correct conclusion and expressed the law as applicable to the facts in the present case and assert that the district court erred in reversing that judgment. They, however, further argue in their brief that if this court should not sustain its contention in this respect it should then consider the further question of ademption discussed by them in their brief.

However, under the view taken and admissions made by counsel for the executor, we deem it unnecessary to discuss that question.

Reversed, with directions to affirm the judgment of the county court.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. GIBSON, J., dissents.