John Harbachuk, S.
The will in this matter has been a prolific source of litigation extending over a long period of time. The major issues raised in this proceeding for a final judicial settlement were resolved by the late Surrogate Boy M. Page (13 Misc 2d 552). The remaining and final questions which were framed by the attorneys at the last hearing center around objec *286 tions asserted by Archie McFall, administrator of the estate of Mary McFall, deceased. Under the terms of the will herein, Mary McFall was given the life nse of the testator’s residence, including household furniture and furnishings, etc., and $50 per month during her lifetime, for her maintenance. It has been previously held herein that this bequest was subject to the following limitation which precluded the invasion of principal: “ The payment of the said allowance of $50.00 during the lifetime of the said Mary McFall as hereinbefore stated, and all other expenses provided in connection with the legacy herein given to the said Mary McFall, are to be met and paid out of the income from the residue of my personal estate, consisting of stocks, securities, moneys deposited in banks on interest account, in the Endicott Trust Company, and other interest bearing securities, which I may own at the date of my decease. ’ ’ Income from the sources specified in the foregoing limitation proved inadequate.
It is contended by the objectant that the proceeds from the sale of two vacant lots should be apportioned between principal and income and not allocated entirely to principal, as has been done by the accounting executor-trustee, upon the theory that these lots were unproductive property. In support of this contention, objectant relies upon Furniss v. Cruikshank (230 N. Y. 495, mod. 231 N. Y. 550); Matter of Rowland (273 N. Y. 100) and Matter of Clarke (166 Misc. 807).
The mere fact that the estate includes unproductive property does not mean that the law will decree an apportionment of the proceeds from the sale of such property. The controlling consideration is the intent of the testator ascertained not only from the character of the property but also from the terms of the will, the circumstances surrounding the will and the relationship and condition of the beneficiaries and similar other matters. (Matter of Rowland, 273 N. Y. 100, 106, supra.) In the instant case, the above-quoted testamentary provision, as previously construed, eliminates the necessity for a broad search of the testator’s intent. The vacant lots are not part of the trust corpus and, therefore, the life beneficiary is not entitled to claim an apportionment of the proceeds between income and principal. The proceeds from the sale of the vacant lots properly belong in the principal account and this objection is overruled.
Objectant McFall also claims that the proceeds of the fire insurance policy in the sum of $954.50 constitute income and not principal. Payment of this amount was received under the terms of the policy for a loss resulting from storm damage to *287 the testator’s residence of which Mary McFall was given a life use. Where there is a loss by fire covered by insurance, the payment is treated as real estate and stands in the place of the destroyed structure. (Matter of Mullin, 121 Misc. 867.) Damages recovered from injury to property are treated as principal and not as income. (Matter of Levy, 41 Misc. 68, affd. 97 App. Div. 630.) The objectant’s claim ignores the existence of a remainder interest which is entitled to preservation. Accordingly, the proceeds of the insurance policy were properly treated as principal and this objection also is overruled.
The objectant also objects to the retention by the testamentary trustee of its commissions without allowance by the court. It is clear, under section 285-a of the Surrogate’s Court Act, which has been in effect for over a decade, that a trustee may compute and retain his commissions without an accounting. This objection is overruled.
Finally, by the decision dated July 23, 1958, previously rendered herein (13 Misc 2d 552, 559, supra) the Surrogate held that, since Mrs. McFall, during her lifetime, was induced to surrender possession of the premises of which she was given a life use, in order that the executor-trustee could sell it, the estate of Mary McFall, deceased, was entitled to ‘ ‘ the actuarial value of her legal life estate as determined pursuant to the American Tables of Mortality based upon her age at the date of relinquishing her occupancy of the house, in conjunction with the stipulated monthly rental value of the house. ’ ’ This amount was computed at $5,403.60. The objectant asserts that the estate of Mary McFall, deceased, is entitled to interest on this sum from the date that Mary McFall removed from said premises. Objectant is entitled to interest at the rate of six per centum per annum on this amount from the date of the demand which, in this case, would be the date of the filing of the claim, that is, November 4, 1955. (Matter of Schuster, 257 App. Div. 55, affd. 284 N. Y. 569.)
Settle decree according to this decision.