Maximilian Moss, S.
In this proceeding to settle an executor’s account, testator’s daughters claim that a legacy to them of an automobile was not adeemed by the destruction of the automobile and that they are entitled to the insurance proceeds.
The material facts are not in dispute. Testator was killed on June 4, 1951, when the' automobile in which he was a passenger was struck by a train. His wife died with testator in the same accident, under circumstances indicating that it was impossible that she survived her husband. The automobile was completely demolished. Net insurance proceeds were collected on the coverage and are accounted for as estate assets. By the terms of testator’s will he bequeathed his automobiles to his wife with substitutionary bequest of these articles to his two daughters if his wife did not survive him.
By the terms of the insurance policy, it was provided that the company may pay for the loss or repair or replace the automobile. It chose to pay for the loss instead of repairing or replacing the automobile.
This court is familiar with the reasoning of the rule that a specific bequest will fail if the subject of it ceased to exist só as not to be a part of the testator’s property at his death (Matter of Wright, 8 A D 2d 158) and the holding that an insurance policy is a chose in action which belonged to testator and on his *932 death passed to his personal representative (Matter of Hilpert, 165 Misc. 430). The court does not believe however that the rule should apply to a situation where decedent dies and the object of the specific legacy is simultaneously destroyed with his death. This court holds that the reasoning behind the general rule is inapplicable to situations of ' ‘ common disaster ” and therefore that the rule should not prevail (53 Col. L. Rev., p. 885) and will not be allowed to be used to thwart the testator’s intent (Matter of Bisconti, 306 N. Y. 442). The objections are accordingly sustained and the insurance proceeds are to be paid to testator’s daughters. Settle decree on notice.