George B. Parsons, S.
This matter comes before the court by reason of the objection of certain legatees of the decedents herein to that portion of the intermediate accounts filed by the executor which allocates certain fire insurance proceeds in the sum of $16,813.20 for ultimate distribution to the Grace Episcopal Church of Lyons, New York.
Decedent Franz P. Zimmerli and decedent Josephine H. Zimmerli, husband and wife, presumably died simultaneously in a fire in their home at 43 Butternut Street, Lyons, New York, on December 13, 1959.
Decedents left reciprocal wills which were duly admitted to probate in Wayne County on January 15, 1960. On that day letters testamentary on the wills of Franz P. Zimmerli and of *670 Josephine H. Zimmerli, both late of the Town of Lyons, New York, were issued to Harcourt L. C'averly, of the City of Detroit, Wayne County, Michigan.
Harcourt L. Caverly, executor of the estate of Franz P. Zimmerli, deceased, and executor of the estate of Josephine H. Zimmerli, deceased, now petitions for the judicial settlement of his first intermediate account in the two estates. In such petitions Harcourt L. Caverly asks that this court determine to whom the $16,813.20 insurance settlement, received on account of the fire loss to the real estate of the decedents at 43 Butternut Street, Lyons, New York, should be paid.
The facts herein are not in dispute and have been agreed to by all parties. The question before the court is whether the sum of $16,813.20, which represents the insurance settlement because of the fire loss to the real property should be distributed as part of the residuary estates of Franz P. Zimmerli and Josephine H. Zimmerli or whether the said sum should be paid to specific devisee of this real property, the Grace Episcopal Church.
The court has read all of the cases cited and has made a study of other case law as well as several treatises on the questions involved. The main question involved here leads to a number of other questions, some of which are not too clear from the cases or from the textbooks.
The following cases and material were studied by the court (American Law Reports 2nd; Ademption, 53 Col. L. Rev. 885; Wyman v. Wyman, 26 N. Y. 253 [1863]; Jagger v. Bird, 42 Hun 423 [1886]; Burnham v. Comfort, 108 N. Y. 535; Matter of Mullin, 121 Misc. 867 [Surrogate’s Ct., Jefferson County, 1921]; Matter of Mercereau, 15 Misc 2d 284 [Surrogate’s Ct., Broome County, 1958]; Matter of Lockwood, 154 Misc. 233 [Surrogate’s Ct., Delaware County, 1935]; Matter of Hilpert, 165 Misc. 430 [Surrogate’s Ct., Kings County, 1937]; Matter of Shymer, 136 Misc. 334 [Surrogate’s Ct., Kings County, 1930]; Matter of Barry, 208 Okla. 8 [1952]; Matter of Buda, 21 Misc 2d 931 [Surrogate’s Ct., Kings County, 1960]; Matter of Charles, 3 A D 2d 119; Matter of Wright, 7 N Y 2d 365 [1960]; Matter of Brann, 219 N. Y. 263, 267-268; Matter of Ireland, 257 N. Y. 155, 158; Matter of Johnston, 277 App. Div. 239, 241, affd. 302 N. Y. 782; Ametrano v. Downs, 170 N. Y. 388; Matter of Bisconti, 306 N. Y. 442; Huston, Succession, 34 N. Y. U. L. Rev. 1520-1526); Jessup-Redfield, Surrogates’ Law and Practice; Memoranda of all attorneys appearing in this matter, and terms of Zimmerli insurance policy).
*671 Bules and doctrines are set forth which becojne ease law only if they apply to the particular case at hand. The doctrine of ademption is, of course, a recognized doctrine as are other doctrines of law. They all, however, must be applicable to the case at hand.
The time of the presumed simultaneous deaths of the testators in relation to the fire cannot, of course, be pinpointed. There is no evidence of death prior to the fire, but presumably was during it, and certainly not after the fire.
Beading the contract of insurance we find that the insurers had an option to repair or restore in specie.
There also is no question but that the property in question damaged by fire was real property.
There certainly was no time for the testators here to change their wills or to repair the damage as they were found dead at the scene.
In order to arrive at a decision on the issue here as to where this amount of $16,813.20 received as a result of insurance settlement should be paid, it was necessary to sift all of the cases in view of the facts of the case before the court.
The language of the wills clearly shows the intention of the testators to specifically devise this property to the Grace Episcopal Church which is plain and obvious.
The question before the court, therefore, is whether the New York rule with respect to insurance proceeds paid as a result of damage to real property is such that the intent of the testators clearly set forth in their wills to devise this real property unto the Grace Episcopal Church should be defeated as a matter of law and the proceeds go to the residual estate.
After carefully weighing all of the cases and the law in relation to the specific facts in this particular matter, the court rules that in both equity and law the proceeds of this insurance policy which has been paid as a result of the damage to the real property should be paid over by the executor to the Grace Episcopal Church of Lyons, New York.
The wording of the will specifically makes this devise and there is no direction to the Grace Episcopal Church to maintain the real property, keep it, or any restriction whatsoever. Intent of the testators in the will was to give the property to the Grace Episcopal Church and they themselves could have transferred it into specie. The insurers by the terms of their policy had the option to repair it or to themselves turn it into specie. This the insurers have done and the proceeds should be paid to the specific devisee of such real property.
*672 As far back as the case of Burnham v. Comfort (supra), which the court had read prior to its being cited to him, the rule of ademption was considered not applicable to devisees of realty and, as the court in that case said, I, too, see ample reason for refusing sanction to the introduction of a doctrine which if applied to this devise of real property would completely defeat the very definite and specific intent of the testators here that this property or as this case turned out, its equivalent, should go to the devisee named in their wills.
This court has read Matter of Wright (supra) and studied it in conjunction with this case and in the light of the other cases which are cited above. This court holds firmly with the reasoning of the Surrogate Maximilian Moss in Matter of Buda (21 Misc 2d 931, supra). The case of Matter of Wright has been quoted as the basis of the contention by attorneys here who feel that the insurance proceeds become part of the residuary estate. This court has considered the thinking in that rule but feels that such rule does not apply in this particular situation which undoubtedly comes under the term commonly known as a “ Common Disaster ” and, as the court has read in Columbia Law Review and Jessup-Redfield, Surrogates ’ Law and Practice, a Surrogate should not allow such a rule to prevail and overcome the very specific and definite intention of the testators.
There seems to be no disagreement among the attorneys as to the fact that the portion of this property that was destroyed was simultaneous or is presumed to be simultaneous with the deaths of the testators and presumably part of the damage and perhaps all was before their deaths. Therefore, the court rules that the ademption doctrine should not be applied in deciding the present issue.
Treatises on this matter seem to go along with the reasoning that insurance proceeds from a fire, such as this, should go to the specific devisees. In reading American Law Reports this thinking is indorsed. The court, therefore, holds that this specific devise, in whole or in part, should not be revoked by doctrine. The rule of ademption should not apply to real property and likewise should not be stretched to apply to insurance proceeds which are the substitute for the real property specifically devised without any contingencies or restrictions by the testators to the Grace Episcopal Church and should go to such devisee.