## Nothstein Estate

*Mitinger & Mitinger*, for petitioner.

*Robert W. Garland* and *Kunkle & Walthour*, for respondent.

COPELAND, P. J., June 13, 1962.—This matter comes before the court on a petition for declaratory judgment. The above-named decedent, Kenneth W. Nothstein, was killed when the automobile which he was driving ran off the highway, crashed into guard rails and rolled over an embankment. The automobile was

demolished in the accident. Decedent was apparently killed instantaneously in the accident.

Under the provisions of an insurance policy owned by decedent, the carrier was obliged, in case of collision damage, to pay decedent either the cost of repairs or the cost of replacement of the vehicle less $100.

By decedent's last will, he bequeathed "whatsoever car I may possess at my death to Miss Orpha Simmons."

The insurance company elected, under the policy, to settle the claim with the executors of decedent's estate for $1,675, instead of repairing the car. The wrecked automobile was valued at $317, which under the terms of the policy, the carrier was entitled to retain.

The questions presented to the court were: first, is Orpha Simmons entitled to the proceeds of the insurance in the sum of $1,675; second, is Orpha Simmons entitled to the salvage value of the automobile, which was $317; or lastly, was the bequest adeemed by the destruction of the automobile at the time of decedent's death.

A diligent search has disclosed no Pennsylvania case which is squarely in point. The closest case to the one at bar is Estate of MacDonald, 133 Cal. App. 2d 43, 283 P. 2d 271, where the facts were identical with the instant case. There, the California court held that the legatee was entitled to receive from the estate the sum which the personal representative received from the insurance carrier. In In re Barry's Estate, 252 P. 2d 437 (Okla.), the factual situation is similar to the present case; however, there the owner of the car died eight hours after the collision. The Oklahoma court awarded the legatee only the salvage value of the vehicle.

If, in the present case, the insurance company had elected to repair the car, the benefit of the insurance would accrue to the legatee and she would be entitled

to the car as repaired. The fact that the insurance carrier could elect, in this case, to pay the executors the full value of the car, less $100, and retain the wrecked vehicle instead of repairing it was something over which the legatee had no control. This right of election should not affect the right of the legatee to the proceeds of the insurance.

Testator in this case had no opportunity to change his will and it must be presumed that testator intended that the insurance should guarantee the fulfillment of the legacy. The court must therefore hold that there was no ademption.