In the Matter of the Estate of Fannie Cramm, Deceased. Rose-marie Di Metro, as General Guardian of Anthony Di Metro, Jr., Appellant; Angelina Doyle, as Administratrix of the Estate of Fannie Cramm, Deceased, Respondent.

Third Department, December 22, 1966.

*Miller & Hornstein* (*Howard B. Hornstein, Stewart T. Schantz* and *Arnold E. Wallach* of counsel), for appellant.

*John R. Davison* and *Michael Nardone* for respondent.

HERLIHY, J. Appeal by a devisee from a decree of Surrogate's Court, Ulster County, which determined that certain fire insurance proceeds are to be treated as part of the testatrix' residuary estate.

This case was instituted by an order to show cause of the administratrix with the will annexed to determine the ownership of a fire insurance proceeds check in the sum of $17,250.

The facts upon which this case was decided below and upon which the appeal proceeds in this court are only those stipulated by the attorneys for the parties herein, to wit:

" The fire loss occurred on January 14, 1965.

" A proof of loss was completed and executed by the deceased some time between the date of the loss and February 2, 1965. The latter date is the date of the check issued by the insurance company in payment of the loss.

" The check was delivered to the insurance agent for the deceased on March 11, 1965.

" On February 12, 1965, the decedent executed her Last Will and Testament and the date of her death was March 9, 1965. "

Paragraph " Eighth " of the Last Will and Testament reads as follows: " I give and devise unto my said grandson, ANTHONY DI METRO, JR., all my real estate, together with the buildings and improvements situated thereon, at or in Highland, New York. I include in the foregoing all items of personal property which may be upon the devised premises at the time of my death which are not otherwise provided for in this my Will. "

There is no dispute that the property as it existed at the time of the making of the will and at the date of death passed pursuant to the paragraph.

The sole issue argued before this court and the only issue decided by the Surrogate is whether or not the insurance proceeds should go to the appellant pursuant to the devise in

paragraph " Eighth " quoted above because of section 250-a of the Real Property Law (now contained in section 20 of the Decedent Estate Law). This section was enacted in 1964 (L. 1964, ch. 192) and read as follows at the time of decedent's death: " Insurance proceeds of a specific devise not subject to ademption. Where insurance proceeds on real property which is the subject of a specific devise are paid after the death of the testator, such insurance proceeds to the extent they are received by the executor shall be payable by him to the specific devisee of such real property with the incidents of a specific devise and subject to the usual rules applied in the marshalling of estate assets. "

Section 20-a of the Decedent Estate Law (now contained in section 20 of the Decedent Estate Law) relating to insurance proceeds in the case of a specific bequest was enacted at the same time as the above-quoted statute and also provided that there was no ademption where such proceeds are paid after the death of the testator or testatrix as the case may be.

According to a note appended to chapter 192 of the Laws of 1964 by which these statutes were enacted, the purpose of such an instrument was to " abrogate the rule of *Matter of Wright*, (7 N. Y. 2d 365 [1960]) that, except in a common disaster (*Matter of Buda*, 21 Misc. 2d 931 [1960]), a specific devisee or legatee is not entitled to insurance proceeds where the property is not in existence at the time of the testator's death and the devise or bequest is adeemed. See Report No. 5.19.2A, 1963. "

*Matter of Wright* (7 N Y 2d 365, supra) was decided in 1960. The problem there was one of ademption. There was involved a ring covered by insurance and found missing after the insured's death. The amount of the insurance was paid and the Court of Appeals held that the bequest adeemed and that the proceeds of the insurance became part of the residuary estate. In that case it was assumed that the ring was missing prior to the testatrix' death albeit possibly, but not decided, in her possession when the will was executed approximately a year before her death and, of course, the proceeds of the insurance company were not paid until subsequent to the insured's death. The court said at pages 368 and 369: " What is significant, therefore, is the fact that the precise thing given by the will is not available for disposition at the time of the testator's death, and it matters not whether this came to pass because of an intentional and voluntary act on the part of the testator, such as abandonment, sale or gift, or because of an occurrence, involuntary and unintended, such as condemnation, fire or theft. (See *Ametrano* v. *Downs*, 170 N. Y. 388; *Matter of Hilpert*, 165 Misc. 430; *Matter*

*of Barry,* 208 Okla. 8; see, also, 2 Jarman, Wills [8th ed.] p.1065; Huston, Succession, 34 N. Y. U. L. Rev. 1520, 1525–1526; Note, 38 Cornell L. Q. 630.) ''

The present case is to be distinguished from the *Wright* case (*supra*), in that in our case the theory of ademption is not applicable. In the present case, the property (real) which the insurance proceeds represent left the possession of the testatrix prior to the time when she made her will and she had knowledge of this fact. Thus, there is nothing to be revoked or '' adeemed ''. '' [A]demption is bottomed on acts *after* the execution of the will.'' (Third Report of the Temporary State Commission on the Law of Estates, p. 397.) (Emphasis supplied.) In order to apply ademption it is essential that the testator have or be entitled to have the property devised or bequeathed either at the time the will is executed or subsequent thereto and prior to death. (E.g., *Matter of Hilpert,* 165 Misc. 430.)

The statutes referred to above are to save specific devises and bequests from ademption. In the present case, ademption could not be applicable and therefore, the statutes do not apply. Where the insured property did not exist at the time of the execution of the will or thereafter, the fact that the proceeds of the present fire insurance policy were not paid until after the death of the testatrix was not within the contemplation of section 250-a of the Real Property Law or section 20-a of the Decedent Estate Law.

Upon the stipulated facts and the issue presented to this court, the proceeds of the policy belong to the residuary estate.

The appellant's argument that certain testimony was put in the record without an opportunity to cross examine is not considered since the sole issue has been decided on the stipulated facts.

The decree should be affirmed.

GIBSON, P. J., REYNOLDS, STALEY, JR., and BRINK, JJ., concur.

Decree affirmed, without costs.