Reading v. Dixon

---

J. G. READING AND FIRST UNION NATIONAL BANK OF NORTH CAROLINA, CO-EXECUTORS OF THE LAST WILL AND TESTAMENT OF WILLIAM L. BALTHIS, DECEASED v. BEN F. DIXON III, MARY ANNE DIXON HOGUE AND WRIGHT T. DIXON, JR., CHILDREN OF THE LATE WRIGHT TRACY DIXON, SR.; EVELYN B. CORDES, ELIZABETH R. HIGGINS, MARION B. CODY, ANNE BALTHIS LYON, LEWIS H. BALTHIS, JR., FRANCES M. BALTHIS, MARGRET B. WILLIAMS, WILLIAM L. BALTHIS III, MARY B. FRIDAY, CHILDREN OF THE LATE LEWIS H. BALTHIS, AND GEORGE R. POSTON, LUCILE R. DAWSON, PLATO DURHAM, JOSEPH G. READING AND FIRST UNION NATIONAL BANK OF NORTH CAROLINA, TRUSTEES OF THE PEARL DIXON BALTHIS FOUNDATION.

No. 7027SC565

(Filed 13 January 1971)

Wills § 67— ademption — theft of testator's silverware — legatee's right to insurance proceeds

　　　The theft of testator's silverware prior to his death was not an ademption of the bequest of the silverware to legatees named in the will, and the legatees were entitled to the insurance proceeds that were paid to testator's estate for the theft of the silverware.

APPEAL by defendants George R. Poston, *et al.*, Trustees of the Pearl Dixon Balthis Foundation, from *Ervin, J.*, 23 June 1970 Civil Session of GASTON Superior Court.

This is a civil action brought by the executors of the estate of William L. Balthis under the North Carolina Declaratory Judgment Act, G.S. 1-253 *et seq.*, for instructions in the administration of the said estate.

From the pleadings and stipulations of the parties, the court made findings of fact which are summarized as follows: (1) William L. Balthis died on 12 September 1968 leaving a last will and testament which was duly probated in Gaston County, North Carolina; (2) that under the provisions of Subsection 7, Item IV, of the Will, the flat and hollow silverware engraved either with the letter "D" or with the letters "PDB" was bequeathed to the living children of Wright Tracy Dixon, Sr., who, at the time of death of William L. Balthis, were Ben F. Dixon III, Mary Anne Dixon Hogue, and Wright Tracy Dixon, Jr.; (3) that under the provisions of Subsection 8, Item IV, of the Will, all the rest and remainder of the decedent's silverware was bequeathed to the living children of Lewis H. Balthis who, at the death of William L. Balthis, were Evelyn B. Cordes, Eliza-

beth B. Higgins, Marion B. Cody, Anne Balthis Lyon, Lewis H. Balthis, Jr., Frances M. Balthis, Margret B. Williams, William L. Balthis III, and Mary B. Friday; (4) that on 8 August 1968, while William L. Balthis was visiting at or near Lake Kanuga, North Carolina, most of the silverware was stolen from his residence in Gastonia, North Carolina, and has never been recovered; (5) on 27 August 1968, a claim was filed for insurance benefits for the theft of the silverware; (6) that on or about 5 September 1968, William L. Balthis, then 89 years of age, fell in his home as a result of a cerebral vascular accident and suffered a broken hip, and as a result he was hospitalized and incapacitated, both mentally and physically, until his death to such a degree that he was unable to transact business, to execute another will or to effect a codicil to his existing will; (7) on 20 June 1969, $7,250.00 was paid to the plantiffs by the insurance company for the loss of the silverware which amount was deposited on interest pending a determination of the questions involved in this case; (8) that the will contained a residuary clause whereby all of the rest, residue, and remainder of his property was devised and bequeathed to the Trustees of the Pearl Dixon Balthis Foundation.

On 23 June 1970, based on its findings of fact, the court made conclusions of law and entered judgment, in pertinent part, as follows:

"1. The children of Wright Tracy Dixon, Sr., deceased, and the children of Lewis H. Balthis, deceased, who were living at the time of the death of William L. Balthis are declared to be entitled to the sum of $7,250.00 in lieu of the stolen silverware, and the Executors are instructed to pay over to them such sum of money, together with any interest earned thereon prior to distribution.

"2. The specific bequests to the children of Wright Tracy Dixon, Sr., and to the children of Lewis H. Balthis described in Item IV of the Will of William L. Balthis were not adeemed when such silverware was stolen and as a consequence the sum of $7,250.00 does not become a part of the residuary estate."

The defendants George R. Poston, et al., Trustees of the Pearl Dixon Balthis Foundation, excepted to the court's conclusions of law and entry of judgment, and appealed to the North Carolina Court of Appeals.

*Garland, Alala, Bradley & Gray, by James B. Garland for plaintiff appellees.*

*Hollowell, Stott & Hollowell, by Grady B. Stott, for Mary Anne Dixon Hogue, et al., defendant appellees.*

*Whitener & Mitchem, by Basil L. Whitener and Anne M. Lamm, for Evelyn B. Cordes, et al., defendant appellees.*

*Joseph B. Roberts III, for defendant appellants.*

HEDRICK, Judge.

The exceptions present the question of whether the facts found or admitted support the conclusions of law and the judgment entered. Appellants contend that the specific bequests in Item IV of the Will were adeemed by the theft of the silverware on 8 August 1968, and that the insurance benefits should pass to them by virtue of the residuary clause in the will.

The principle of ademption in North Carolina has been defined as ". . . the destruction, revocation or cancellation of a legacy in accordance with the intention of the testator and results either from express revocation or is implied from acts done by the testator in his lifetime, evincing an intention to revoke or cancel the legacy." *King v. Sellers,* 194 N.C. 533, 140 S.E. 91 (1927).

Applying the facts of the instant case to this definition of ademption, it is obvious that the theft of the silverware was not an act of the testator evincing an intention to revoke or cancel the bequest.

In *Rue v. Connell,* 148 N.C. 302, 62 S.E. 306 (1908), Brown, J., stated, "If the change on the form of the property is brought about by the act of another, it will not effect an ademption of the legacy if the property in its new form is in the possession of the testator at his death."

The theft of the silverware was the "act of another," and effected a change in the form of the property. Following the theft, the property, in its changed form, was embodied in a claim for insurance benefits which was in the possession of the testator prior to his having the stroke which resulted in his death.

Reading v. Dixon

It is our opinion, and we so hold, that the facts found support the conclusions of law, and the judgment entered thereon is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.