Thomas R. Hadaway, S.
The accounting parties herein have requested directions of the court as to disposition to be made of the proceeds of a fire insurance policy amounting to $17,500 paid to them, subsequent to the death of the decedent, covering the decedent’s residence at Greenwood Lake in the Town of Warwick, Orange County, New York.
The decedent in and by her last will and testament had devised said real property to Robert Malin and Lori Malin, his wife, or to the survivor of them, and after providing for several cash bequests and specific legacies, gave the residue of her estate to the Malins and five other persons, including the respondent, Suzanne Russell, an infant.
The decedent, who was an elderly person and infirm, perished on May 7, 1968, in a fire which consumed her residence, devised to Robert Malin and Lori Malin under her will, thereby creating a question as to whether the proceeds of the fire insurance are *245 payable to the devisees of the real property or whether they become a part of the residuary estate.
The answer to the question would seem to lie in EPTL 3-4.5 which reads as follows, the italics having been added for the purpose of emphasis: ‘ ‘ 3-4.5 Insurance proceeds from specific disposition not subject to ademption.
‘ ‘ Where insurance proceeds from property which was the subject of a specific disposition are paid after the testator’s death, such proceeds, to the extent received by the personal representative, are payable by him to the beneficiary of such disposition; and such proceeds retain the character of a specific disposition for all other purposes, including 12-1.2 and 13-1.3.”
This section is a restatement without substantive change of the last paragraph of section 20 of the Decedent Estate Law, added thereto by chapter 588 of the Laws of 1965.
Prior to this amendment, the Court of Appeals had applied the ademption rule to the proceeds of insurance covering property which was not in existence at the time of decedent’s death, and had held that the proceeds of insurance covering a diamond ring, which was missing from the decedent’s estate under circumstances making it impossible to determine whether it had been sold or had been given away by the testator, stolen or mislaid, should be treated as a part of the residuary estate, and should not be paid to the legatee. (Matter of Wright, 7 N Y 2d 365.)
Even prior to the enactment of this statute, however, the courts have held that the ademption doctrine did not apply to property bequeathed or devised and destroyed in a so-called “common disaster” in which the decedent also perished and that insurance proceeds in such case should be paid to the legatee or devisee of the property covered by the policy of insurance. (Matter of Zimmerli, 30 Misc 2d 669; Matter of Buda, 21 Misc 2d 931.)
The amendment to section 20 of the Decedent Estate Law now found in EPTL 3-4.5 would seem to make the date of payment of the proceeds of insurance the determining factor rather than the existence or nonexistence of the property specifically disposed of by will at the time of decedent’s death.
The court, therefore, finds that the proceeds of the fire insurance policy on the decedent’s residence devised in and by her will to Robert Malin and Lori Malin, should be paid to them, and that the proceeds of said policy are not a part of the decedent’s residuary estate.