**In the Matter of the ESTATE of Leonard Allen WOLFE, Deceased.**

**Carol Lynn WOLFE, Appellant,**

**v.**

**Nellie ECKHOFF, Executrix of the Estate of Leonard Allen Wolfe, Deceased, and David Wolfe, Appellees.**

**No. 55363.**

Supreme Court of Iowa.

July 3, 1973.

Maurer & Jones, Ames, for appellant.

Mahoney, Jordan & Statton, Boone, for Nellie Eckhoff, Executrix.

Allan J. Bergren, Boone, for appellee, David Wolfe.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

On June 6, 1971, the decedent, Leonard Allen Wolfe, was involved in a fatal automobile accident while driving his 1969

Buick Electra automobile. The car was rendered a total loss and subsequently decedent's insurance carrier paid his executor $3,550.00 for damage to the vehicle.

This litigation involves a dispute between decedent's daughter, Carol Lynn Wolfe, (the residuary legatee under his will) and his brother, David Wolfe, (to whom he left the automobile) over who shall have this money. The case was submitted on stipulated facts raising this one legal issue: Was the testamentary gift to David Wolfe adeemed by the virtual destruction of the automobile in the accident which caused decedent's death? The trial court held there was no ademption and we affirm.

The decedent's will included this provision:

> "Item III. To my brother, David Wolfe, * * *, I will the sum of $1,000.00 and any automobile which I may own at the time of my death to be his absolutely and forever, if he survives me, and if not this bequest shall lapse."

■ Put as briefly as possible, ademption means a taking away. It occurs when property which has been specifically given under a will is later destroyed or disposed of so that it does not exist as part of the estate at the testator's death. The general rule is that nothing else may be substituted for that which was originally given, and the gift is then said to have adeemed. 96 C.J.S. Wills page 985 (1957); Black's Law Dictionary 60, (Rev. 4th Ed. 1968); Stake v. Cole, 257 Iowa 594, 599, 133 N.W.2d 714, 716 (1965); In re Estate of Bierstedt, 254 Iowa 772, 775, 119 N.W.2d 234, 236 (1963).

There is a split of authority over the part intent should play in resolving ademption problems. The minority view adheres to a rigid "identity" theory, concerning itself solely with the presence of the property in the estate at the time of death. If it is not among the decedent's assets, there has been an ademption, regardless of the reason for its absence. Intent is immaterial under this view. Warren, The History of Ademption, 25 Iowa L.Rev., 290, 314 (1940); In re Wright's Will, 7 N.Y.2d 365, 197 N.Y.S.2d 711, 165 N.E.2d 561, 563 (1960); In re Barry's Estate (1952), 208 Okl. 8, 252 P.2d 437, 439, 440.

■ The majority rule gives consideration and effect to circumstances which explain why the property is not among the decedent's assets at the time of his death. This rule, like the minority, finds there has been an ademption when there has been a *voluntary* sale or other disposal of specifically devised property by the testator during his lifetime. However, when the property in question is missing from the estate because of some act or event *involuntary* as to him, there is no ademption. This is the rule we follow.

It is clear the difference in the two rules is based upon the importance attached to the testator's intent. We have referred to our rule as the "modified intention theory." In re Estate of Bierstedt, supra, 254 Iowa at 775, 119 N.W.2d at 236. There we put it this way,

> "Where the testator is competent and disposes of the subject of the gift, the gift is adeemed; where the testator is incompetent and the subject of the gift is sold by a guardian with court approval, the gift is only adeemed to the extent the proceeds are used for care and maintenance of the ward. The only question of intention involved is the opportunity of the testator to change the will. This opportunity is denied the incompetent testator. No question of his intentions other than expressed in the will is involved. Where, as here, the testator is incompetent and under guardianship, a sale by the guardian does not work an ademption so far as the proceeds are traceable. This is the majority view in this country."

Both the Bierstedt case and Stake v. Cole, supra, deal with judicial sales made

under court order, one by an executor, the other by a guardian. We have never faced the precise problem now presented. However, we believe those two decisions clearly point the way to the proper result here.

■ The accident which cost decedent his life and caused destruction of the devised car was, it seems unnecessary to point out, an involuntary disposition of the automobile indicating no intention to change the terms of the will. Furthermore, like the incompetent testator mentioned in Bierstedt, decedent was denied by death any opportunity to change his will after the event occurred. The argument against ademption under these circumstances is at least as persuasive as in the Bierstedt and Stake cases.

We find surprisingly little authority from other states. Under almost identical facts the California appellate court ruled, as we do here, in favor of the specific legatee of the destroyed vehicle, basing its decision on the obvious intent of the testator. In re Estate of MacDonald, (1955), 133 Cal.App.2d 43, 283 P.2d 271, 274.

In Reading v. Dixon, 10 N.C.App. 319, 178 S.E.2d 322, 324 (1971), the specific legatee again prevailed over the objection a testamentary gift of silverware had adeemed by reason of its loss or theft at a time when the testator was mentally unable to change his will. The insurance proceeds were awarded to the specific legatee of the silverware, again on a finding of testamentary intent.

We have already referred to several cases holding to the strict identity theory. In re Wright's Will and In re Barry's Estate, both supra. It is interesting to note, however, New York has refused to follow its own pronouncements in the Wright case on at least two occasions. See In re Zimmerli's Estate, (Sur.Ct.1961), 30 Misc.2d 669, 220 N.Y.S.2d 123, 126 (insurance proceeds awarded to specific devisee of damaged real estate over objection fire had worked an ademption); In re Buda's Will, (Sur.Ct.

1960), 21 Misc.2d 931, 197 N.Y.S.2d 824, 825 (gift of car was not adeemed by accident resulting in death of testator and destruction of vehicle).

The plaintiff argues we follow the strict identity theory. She relies principally on In re Estate of Stonebrook, 258 Iowa 1062, 141 N.W.2d 531 (1966); In re Estate of Sprague, 244 Iowa 540, 57 N.W.2d 212 (1953); In re Estate of Keeler, 225 Iowa 1349, 282 N.W. 362 (1938), but they lend her no support. In each of those cases we held ademption resulted from some voluntary act of the testator. They are clearly distinguishable from the problem now before us.

■ An interesting discussion of the question appears in Walsh v. Gillespie, (1959), 338 Mass. 278, 154 N.E.2d 906, 908. We also believe this quotation from Wilmerton v. Wilmerton, (7th Cir. 1910) 176 F. 896, 900 expresses quite well the right rule,

"[W]e think that the rule, that legacies are adeemed only where such an intention appears on the part of the testator himself, ought to be followed. The question, in our judgment, is not whether, as a mere matter of accident, * * *, the thing set apart as the corpus of a special bequest has been changed in specie. The real question is whether, all things considered, the testator's testamentary disposition did, or did not, remain, with reference to the particular thing embodied in the specific bequest or its proceeds, the same as it was the last moment he was able to exercise a testamentary disposition. In that way, and in that way only, we think, can the right of the man to dispose of his property according to his own wishes, exempt from the interference, caprice or interest of others, be fully carried out. In that way only can his intention, as embodied in his will, be truly administered."

We approve that statement and adopt its rationale in holding the gift to David

Wolfe was not adeemed by the accident in question.

The judgment of the trial court is affirmed.

Affirmed.

MOORE, C. J., and UHLENHOPP and McCORMICK, JJ., concur.

RAWLINGS, J., concurs in the result.