In the Matter of the Estate of ANNE C. SHYMER, Deceased.

Surrogate's Court, New York County, January 11, 1930.

*M. L. Golieb*, for the executor.

*Williamson & Bayles*, for Frank W. Howell.

*Harold H. Kissam*, for Robert D. Shymer.

*Heymann & Sheldon*, for certain next of kin of Maibelle H. Justice, deceased.

O'BRIEN, S. By paragraph 1 of her will testatrix gave to her mother her clothing, wardrobe, jewelry, laces and other articles of personalty. She died in the sinking of the *Lusitania,* leaving her mother surviving her. As the result of proceedings before the Mixed Claims Commission, and by an act of Congress, two payments totalling $8,927 have been received from the United States Government representing the value of jewelry and articles of clothing in the possession of testatrix at the time of her death. A further payment of $2,500 was made to replace a similar amount of cash also lost with the decedent. The question presented on this accounting proceeding is, to what person or persons the above-mentioned sum of $8,927 should be paid. The administrator of the estate of the mother, since deceased, contends that such sum should be paid to him in the place and stead of the articles of jewelry and clothing, for the loss of which it was received by the executor. On the other hand, the husband of decedent contends that there was an ademption of the legacies to the mother, and, therefore, the sum in question should be paid out as part of the residuary estate, which residue on a previous construction I held must be distributed as in intestacy. This latter contention cannot be sustained. The legacies to the mother were specific within the rule stated in *Crawford* v. *McCarthy* (159 N. Y. 514), but there was no destruction, selling or disposition of the articles in question *during the lifetime of the testatrix* which would have caused an ademption. (Jessup-Redfield, Law & Practice in the Surrogate's Courts, p. 1332, § 940.) The sum of $8,927, therefore, received from the government, stands in the place and stead of the legacies given by the will to the mother, and should now be paid to the administrator of her estate.

Submit decree on notice settling the account accordingly.