In the Matter of the Estate of HENRY J. SMITH, Deceased.

Surrogate's Court, Erie County, October 20, 1938.

*Vincent T. Ray* for Alice M. Roche, as executrix of decedent's widow, petitioner, and for Harriet W. Hill, legatee.

*John A. Dutton* [ *Leone Pecoraro* of counsel], for the trustees of the Masonic Hall and Asylum Fund, legatee.

*Dudley, Stowe & Sawyer*, for the Family Service Society (Fitch Creche), legatee.

HART, S.   Henry J. Smith died leaving a last will and testament which was duly admitted to probate by this court on January 25, 1909, and letters testamentary were accordingly issued to his widow, Mary J. Smith.   The will, among other things, provides as follows:

" *Second.*   I hereby give, devise and bequeath unto my said wife, Mary J., for and during her life, all my property of every name, nature and kind, to the end that for her life she may have and enjoy the full benefit of all the income thereof, and it is my wish, that if the necessity requires, that my wife may have and use, so much of the principal as may be requisite to make her comfortable and to care for and protect her."

" *Sixth.*   After the death of my wife, I hereby give and bequeath unto the Masonic Home at Utica, N. Y., ten shares of the stock of the Beck Brewing Company."

The testator also bequeathed to Harry W. Hill the sum of $1,000 and to Fitch Creche of Buffalo the sum of $500.   The residuary estate and ten shares of Buffalo Forge Company stock was bequeathed to Beatrice E. Cutts.   The gross estate was approximately $20,432.32.   The widow of the decedent sold the Beck Brewing Company stock on June 14, 1917, for $12,400, or at the rate of $200 per share.   It appears by Schedule C of the account that the widow used $15,290.79 principal, and there is a balance in the hands of the petitioner of $3,800.17.   It further appears that the ten shares of Buffalo Forge Company stock were called April 2, 1930, and the proceeds in the sum of $1,050 were deposited in the account of the estate.   The widow of the decedent died May 6, 1938, and the petitioner as executrix of the estate of decedent's widow has filed a petition and account and seeks a decree directing distribution of the balance in the estate.

In view of the sale of the stock by the widow during her lifetime, the question has arisen as to whether the legacy to the Masonic Home and Asylum Fund was specific or general and whether this legatee participates in the distribution of the fund now remaining.

The gifts of the stock in the Beck Brewing Company to the four legatees, including the Masonic Home and Asylum Fund at Utica, in the opinion of this court, were specific legacies, so was the gift of ten shares of Buffalo Forge Company stock to Beatrice E. Cutts.

In the case of *Matter of Carrington* (L. R. [1932] 1 Ch. Div. 1; 79 A. L. R. 259), it was held that where the testator made specific bequests of stock in his will, and thereafter granted to a third person an option to purchase the stock, exercisable within one month after testator's death, due and proper exercising of the option by the third party after the testator's death worked an ademption of the specific legacies. Based upon this case, counsel for one of the general legatees takes the position that having given to the life tenant the power to invade the principal of the estate the testator contemplated also the possibility of a subsequent sale of the stock pursuant to the power, and thus an ademption might be worked.

There is a distinction between the *Carrington* case and the one now before this court. The sale of the stock was actually made to a third person by the testator during his lifetime, and because of this agreement and the exercising of the option the stock never became a part of the estate. The rule of ademption, therefore, applied. But in the instant case the stock became a part of the estate and there could be no ademption.

I do not believe that section 57 of the Real Property Law applies to this case, even though it is admitted that the rules for future estates in personalty are the same as those prescribed for real property. (Pers. Prop. Law § 11.) The act of the testator did not defeat the expectant estate. The act of the life tenant converted the stock bequeathed in the form of specific legacies into money.

In *Matter of Shymer* (136 Misc. 334) certain articles bequeathed were lost in the sinking of the *Lusitania*. The court held that they were not destroyed or lost during the lifetime of the testatrix, and that the legatee was entitled to the moneys awarded by the Mixed Claims Commission for the value of the articles. The court said (at p. 335): " The sum of $8,927, therefore, received from the government, stands in the place and stead of the legacies given by the will to the mother, and should now be paid to the administrator of her estate."

I am in accord with this decision. In the instant case, however, none of the proceeds of the sale of the Beck Brewing Company stock have been traced into the accounts in the Western Savings Bank and the Manufacturers and Traders Trust Company. These accounts embody a sum of $3,800.17, which is the amount now left

in the hands of the administrator *c. t. a.* for distribution. So that it cannot be said that any of this money takes the place and stead of the Beck Brewing Company stock.

The objections of the Masonic Hall and Asylum Fund to the account are hereby dismissed.

Let the decree of judicial settlement provide accordingly.