William J. Regan, S.
This is a will construction proceeding pertaining to the exercise of a power of appointment granted to the decedent, Lola J. Van Tilburg, under the will of her husband, Fred E. Van Tilburg. Fred E. Van Tilburg died on March 27, 1955, and by his will provided that half of his net estate pass to his wife, Lola J. Van Tilburg, in trust, however, and with the provision that “b. Upon the death of my said wife, my trustees shall pay over the then principal of the trust to such person or persons including the estate of my said wife in such shares and in such manner whether outright or lesser estates in trust or otherwise, as my said wife may appoint by her last will and testament; and in default of such appointment, or in so far as she shall not effectually appoint all of such principal ’ ’.
The Fred E. Van Tilburg trust consisted substantially of the ownership of a one-half interest in real estate commonly known and referred to as 3484 Main Street in the City of Buffalo, New York, which real estate was leased to J. 0. Stephens Motor Corporation. By the will of the deceased and particularly by Article FIFTH thereof the decedent provided: “ FIFTH: Pursuant to the power given me under the terms of *78 ARTICLE FOURTH of the Will of my late husband, Fred E. VanTilburg, which was admitted in probate in the Surrogate’s Court, Erie County, New York, April 1,1955;
“ A. I direct the interest in the real property located at 3484 Main Street, Buffalo, New York, under lease to J. C. Stephens Motor Corp. and the sum of Ten Thousand Dollars ($10,000,00) be transferred to my Trustees hereinafter named, and I direct my Trustees to divide such interest and funds into two equal shares
The decedent provided that her interest in the real estate at 3484 Main Street should remain in trust for the lives of her son and daughter with the income thereof payable to said children for their lives and the remainder to their issue. The residue of her estate is payable outright to her said two children.
It appears that the real estate at 3484 Main Street was sold by the trustees of the Fred E. Van Tilburg estate on April 23, 1971, to J. C. Stephens Motor Corporation and a purchase mortgage was taken back, the trustees receiving a participation certificate covering one half of the amount of the mortgage.
The issue that arises is whether or not the devise of the decedent’s interest in 3484 Main Street failed by reason of ademption. The éxecutor, by her attorney, contends that there was ademption by reason of the sale of the property thereby causing the participation certificate to pass outright to the two children under the residuary disposition of the will.
While the position advanced by the executor is not controverted, the issue presented requires careful deliberation. The immediate concern that faces this court is whether the intention of the testatrix will be thwarted or frustrated by the construction requested. It is a well-established rule of law that when the property which is the subject of a specific gift by the testator is not in existence at his death for the reason that it has been lost, sold, exchanged or destroyed or where it has been changed in nature, unless the change is one in name or form only, an ademption or an extinguishment of the gift takes place. (Matter of Brann, 219 N. Y. 263.) Ademption results and the legacy or devise provided in the will becomes extinct where in the lifetime of the testator the subject of a specific gift is lost or otherwise ceases to be in existence. (Matter of Ireland, 257 N. Y. 155.) The court agrees that a mortgage is personal property and as such is not to be considered an “ interest ” in real property although secured by the said real property.
The disposal of the real property which was the subject of the specific gift by the. testatrix during her lifetime effects an *79 ademption of the gift and the beneficiaries are not entitled to take the proceeds of the purchase-money mortgage in lieu of the real property. (Matter of Ireland, supra; Matter of Rubinstein, 169 Misc. 273.) The proceeds of the purchase-money mortgage, therefore, generally pass under the residuary clause of the will. The question of intent, however, cannot be treated so lightly in spite of those cases that rule to the contrary. In those cases where intent was held as having nothing to do with matters of ademption, the factual situations recited therein pertain to property owned by the decedent individually and in his own right. (Matter of Wright, 7 N Y 2d 365; Matter of Dittrich, 53 Misc 2d 782.) In both of the above-cited cases it was held that what is significant is the fact that the precise thing given by the will is not available for disposition at the time of the testator’s death and intention is immaterial. It is to be noted in the proceeding at bar that the real estate, 3484 Main Street, was not owned by the deceased, Lola J. Van Tilburg, individually at any time. The property in question was, in fact, owned by the trustees of the last will and testament of Fred E. Van Tilburg, deceased. Because, however, the deceased, Lola J. Van Tilburg, was one of the trustees, she is charged with knowledge that the real estate in question was sold by the Fred E. Van Tilburg estate, so that she could not validly dispose of it by her will. The property in question was sold by the Fred E. Van Tilburg estate, she being one of the trustees who executed the deed, on April 23, 1971. The will of the deceased was executed on April 14, 1966, and the decedent died on April 3,1973.
Although the earlier cases above referred to were decided with the former Decedent Estate Law (■§§ 39, 40) in mind, the statutory provisions as they presently exist under EPTL and SOPA as they took effect on September 1, 1967, remain essentially the same with the exception of certain changes which are not here applicable.
In view of the above it is the decision of this court that the construction requested by the petitioner be granted and that the certificate of participation in the purchase-money mortgage shall be permitted to pass by the residuary provisions of decedent’s will.