*725 OPINION OF THE COURT
Richard C. Doherty, S.
The issue here is whether the ademption of a specific devise otherwise resulting from the sale of the devised real property prior to the death of the testatrix was alleviated by statute to the extent of allowing the devisee to trace and receive the proceeds of such sale.
By her will executed on November 21, 1967 the testatrix specifically devised her residence and premises to the Niagara Bible Conference. In 1972 she conveyed that property by deed to herself and her husband as tenants by the entirety and again became its sole owner upon his death in August, 1973. After the property had been listed for sale with a realtor it was sold and transferred to third persons in October, 1973 by the testatrix through her attorney in fact acting under a power of attorney which the testatrix had executed in February, 1973. The testatrix died on August 10, 1977 and her said will was thereafter admitted to probate by this court..
Thus, at the time of her death the testatrix had no interest in the real property in question and same did not constitute a part of her estate. At no time was she judicially declared incompetent nor was any committee or conservator ever appointed for her.
Upon the executor’s application for final settlement of his account the specific devisee, the Niagara Bible Conference, claims the right to trace and receive the proceeds of the sale of said real property under EPTL 3-4.4 and section 1755 of the Real Property Actions and Proceedings Law, alleging that the testatrix was not mentally competent at the time she executed the power of attorney or at the time of the sale thereunder. The argument is that the alleged incompetency would vitiate the sale to the extent of making its proceeds available to the devisee by reason of those statutory provisions.
It must be determined whether either of those statutes is applicable to this case.
Section 1755 of the Real Property Actions and Proceedings Law provides that if an incompetent person, i.e., a person incompetent to manage his affairs of whose property a committee has been appointed (Real Property Actions and Proceedings Law, § 111, subd 3) dies after the sale of his real property, having specifically devised the property sold, the provisions of EPTL 3-4.4 (formerly Decedent Estate Law, § 36) shall apply to the devise.
*726 EPTL 3-4.4 is thus controlling and it provides that in the case of a sale or other transfer by a committee, during the lifetime of its incompetent, of any property which such incompetent had previously disposed of specifically by will when he was competent, and no order had been entered setting aside the "adjudication of incompetency” at the time of such incompetent’s death, the beneficiary of such specific disposition is entitled to receive the money or other property into which the proceeds from such sale or transfer may be traced. Consistent with the reference to an "adjudication of incompetency”, EPTL 1-2.9 defines an "incompetent” as "a person judicially declared to be incapable of managing his affairs” (italics added).
It is clear that this case does not fall within the express terms of EPTL 3-4.4. There was no adjudication of incompetency as to this testatrix, she was never "judicially declared to be incapable” in any respect, and no committee was ever appointed for her.
Since there was likewise no conservator ever appointed for this testatrix, the cases in which EPTL 3-4.4 has been construed to apply to sales by conservators as distinguished from committees (Matter of Barnwell, 88 Misc 2d 856; Matter of Clark, 90 Misc 2d 925) are without application here.
The language of EPTL 3-4.4 evinces to this court the clear legislative intent to restrict its application to cases in which incompetency has been judicially determined and established under the restraints and safeguards of due process. The purpose and effect is to preserve the testamentary intent against a contrary disposition made by the representative of a testator judicially disabled from making such disposition himself. That limitation is not only sound in principle but is set forth in unambiguous terms. Whether it properly encompasses conservatorships, as was held in Barnwell and Clark, need not be considered here.
Accordingly, the court holds that this case is not within the purview of EPTL 3-4.4 and that the Niagara Bible Conference is not entitled to avail itself of the rights thereby provided.
The rule in New York is that if property specifically given by will is not present in the estate an ademption occurs and the testamentary disposition is without effect. Absence of an asset from the distributive estate in and of itself adeems the testamentary disposition and the intent of the testator is *727 entirely immaterial in this respect. (Matter of Brann, 219 NY 263; Matter of Wright, 7 NY2d 365.)
Where there is ademption "[t]he thing given is gone, and a court is not privileged to substitute something else for it.” So stating, the Court of Appeals found an ademption which barred the legatee from sharing in insurance proceeds recovered for the loss of the adeemed articles of property. (Matter of Wright, supra, p 368.) The court there (p 369) cited with approval the statement in Matter of Hilpert (165 Misc 430, 432-433) that "[t]he will speaks from the date of death * * * with the result that, if an article specifically given is not in existence at the time, by reason of loss, disposal or destruction, the legatee will take nothing.”
Under these familiar rules the court finds that the specific devise to the Niagara Bible Conference contained in the will of this testatrix was defeated by ademption by reason of the sale of the devised real property prior to her death and that such devise was therefore wholly ineffectual.
The court further holds that EPTL 3-4.4 does not entitle the Niagara Bible Conference to trace or receive any portion of the proceeds of such sale.
In view of this determination it is unnecessary to determine the issue raised as to the propriety of the executor’s refusal to consent to discovery of medical and hospital records pertaining to the testatrix, and the application for such discovery is denied. It is further unnecessary to determine any question relating to the form of procedure followed by the Niagara Bible Conference or its standing or right to challenge the validity of the power of attorney given by the testatrix or the sale and transfer of the real property effected by the exercise thereof.
The court appreciates the quality and thoroughness of the briefs and oral arguments presented by all counsel in this matter.