OPINION OF THE COURT
Renee R. Roth, S.
At issue in this proceeding is whether the doctrine of ademption applicable to specific legacies should be extended to the remainder of a trust which was disposed of after the death of the testatrix but before the termination of the trust.
*372 Testatrix, Renee Weiler, died in 1974 survived by her husband Theodore. Among the dispositions in her will, Mrs. Weiler established a residuary trust for the life income benefit of her husband. Upon Theodore’s death, the remainder of such trust, except for the trust’s interest in two businesses, is payable one half to Mrs. Weiler’s relative (the Guttmans) and one half to her late husband’s relatives (the Weilers). With respect to the two businesses held by the trust, one was to be distributed to the Guttman line and the other (B.B.W. Company) to the Weilers. The ademption issue concerns solely the B.B.W. Company because prior to the income beneficiary’s death in 1987, such company had been liquidated and the sum of $374,000 was paid to the trust for its 10% limited partnership interest ($360,000 was paid during Theodore’s lifetime and $14,000 was paid after his death).
It is noted that the B.B.W. Company (a Weiler family enterprise) owned three parcels of real estate apparently used in connection with a meat processing business (Boar’s Head Inc.) which had been organized in large part by Theodore.
The issue is whether the $374,000 retains its character as a specific disposition payable to the Weiler family as they claim or whether the specific disposition of the B.B.W. Company adeems and loses its identity as a specific disposition so that the $374,000 becomes a general asset of the trust distributable in equal shares between the Weiler and Guttman families as the latter family contends.
Under the doctrine of ademption, the legatee of a specific bequest takes nothing if the property is not in existence at the testatrix’ death (Matter of Wright, 7 NY2d 365; Matter of Ireland, 257 NY 155; Matter of Brann, 219 NY 263; Matter of Powers, 166 AD2d 534; Matter of Kramp, 100 Misc 2d 724; Matter of Van Tilburg, 77 Misc 2d 77). Although the liquidation of B.B.W. Company occurred 13 years after decedent’s death, the Guttmans nevertheless suggest that such doctrine applies by analogy, insofar as the Weilers’ remainder interest in a specific asset is comparable to a specific legacy which did not become payable until the death of the beneficiary of the intervening interest.
There is no judicial authority on point. The closest case is Matter of Smith (169 Misc 212) which held that there was no ademption where the income beneficiary of a trust exercised her power of invasion and sold stock specifically bequeathed to the remaindermen.
*373 Despite the fact that the doctrine of ademption provides certainty in the law, it has been criticized (3d Report of Temporary State Commn on Estates, 1964 NY Legis Doc No. 19, at 401-404) and its application has increasingly been restricted. Thus, EPTL 3-4.5 allows insurance proceeds collected after testator’s death to be paid to the beneficiary of a specific legacy of property which had been lost or destroyed before testator’s death (see, Matter of Baker, 106 Misc 2d 649; Matter of Thum, 69 Misc 2d 244); EPTL 3-4.4 provides that any proceeds traceable from the sale of property by a committee or a conservator are substituted for specific bequests of such property (see, Matter of Kramp, supra; Matter of Clark, 90 Misc 2d 925; Matter of Barnwell, 88 Misc 2d 856).
It is observed that since the rule is premised upon the rationale that the testator could have changed his will to reflect the change in the property, such rule has no application if the subject matter of a bequest becomes unavailable in kind after the testator’s death. Equally important, an action taken by a third party (the B.B.W. Company partners) to liquidate the company after testatrix’ death cannot divest the remaindermen of their interest in the proceeds of the property specifically bequeathed to them.
Based upon the foregoing, the court concludes that the doctrine of ademption does not apply to a remainder interest in a trust.
The court has considered the other arguments of counsel for the Guttmans and finds them to be without merit.