■ DOMINICK LABELLA et al., Appellants, v PHYLLIS GOODMAN et al., Respondents. [603 NYS2d 885] —In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Dutchess County (Benson, S.), entered August 12, 1991, as granted that branch of the motion of the defendant Phyllis Goodman which was for summary judgment dismissing the plaintiffs' amended verified complaint insofar as asserted against her for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs are the stepchildren of the decedent Angelina LaBella. The plaintiffs allege that the defendant Phyllis Goodman unlawfully obtained a power of attorney from the decedent, which Goodman exercised to convert assets belonging to the decedent to her own benefit. The assets allegedly included the proceeds from the sale of certain property which was devised to the plaintiffs in the decedent's will. Consequently, the plaintiffs seek to impose a constructive trust on the proceeds of the sale of that property, including those remain-

ing in Goodman's possession, as well as proceeds already remitted to the estate's administrator.

The Surrogate's Court, to which the plaintiffs' suit had been transferred, dismissed the complaint insofar as it was asserted against Goodman. We affirm.

It is undisputed that the subject real property was conveyed during the decedent's lifetime and did not comprise a part of her estate. The Surrogate's Court properly determined that the doctrine of ademption extinguished any claim the plaintiffs may have had regarding the devised property *(see, Matter of Wright,* 7 NY2d 365; *Matter of Brann,* 219 NY 263; *Ametrano v Downs,* 170 NY 388; *Matter of Charles,* 3 AD2d 119; *Matter of Kramp,* 100 Misc 2d 724). Furthermore, once the devise is found to be adeemed, the court is not permitted to substitute something else for it *(see, Matter of Wright,* 7 NY2d, at 368, *supra).* This includes tracing the proceeds from the sale of real property *(see, Matter of Kramp, supra,* at 726-727). Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.